1   MARK A. NEUBAUER (SBN 73728)
2   MICHAEL N. JONES (SBN 244320)
    STEPTOE & JOHNSON LLP
3   2121 Avenue of the Stars, Suite 2800
    Los Angeles, California 90067-5052
4   Telephone:  (310) 734-3200
    Facsimile:(310) 734-3300
5   Email:    mneubauer@steptoe.com
6   Email:    mjones@steptoe.com

7   Attorneys for Plaintiff
    HOWARD L. ABSELET
8

9           UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
10

11  HOWARD L. ABSELET, an individual,   Case No. CV 11 00815 -JFW (JEMx)

12              Plaintiff,              COMPLAINT FOR:

13      vs.
                                        (1)  BREACH OF CONTRACT;
14  ALLIANCE LENDING GROUP, INC.,       (2)  ENFORCEMENT OF
    a California corporation; SOLYMAN        PERSONAL GUARANTY;
15  YASHOUAFAR, an individual;          (3)  MONEY HAD AND
16  MASSOUD AARON YASHOUAFAR,                RECEIVED;
    an individual, HAMID JOSEPH         (4)  MONIES LOANED;
17  NOURMAND, an individual, MALIBU     (5)  FRAUD;
    RECONVEYANCE, LLC, a California     (6)  WRONGFUL
18  limited liability company, VAN NUYS      FORECLOSURE;
19  PLYWOOD, LLC, a California limited   (7)  DECLARATORY RELIEF;
    liability company, SODA PARTNERS,   (8)  CONSTRUCTIVE TRUST;
20  LLC, a California limited liability  (9)  NEGLIGENT
    company, and DOES 1-10, inclusive        MISREPRESENTATION;
21                                      (10) BREACH OF FIDUCIARY
22              Defendants.                  DUTY;
                                        (11) BREACH OF FIDUCIARY
23                                           DUTY;
24                                      (12) NEGLIGENCE;
                                        (13) JUDICIAL FORECLOSURE
25
                                        AND
26

27                                      DEMAND FOR TRIAL BY JURY
28

FILED
CLERK, U.S. DISTRICT COURT
JAN 27 2011
10:55
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Plaintiff Mr. Howard L. Abselet ("Plaintiff" and "Abselet") alleges as follows:

## THE PARTIES

1.          At all times herein mentioned, Plaintiff Howard L. Abselet, is and has been a resident and citizen of and domiciled in Port Jefferson Station, New York.

2.          At all times herein mentioned, Defendant Alliance Lending Group, Inc. is and has been a California corporation with its principal place of business in Los Angeles, California.

3.          At all times herein mentioned, Defendant Solyman Yashouafar is and has been a resident and citizen of and domiciled in Los Angeles, California.

4.          At all times herein mentioned, Defendant Massoud Aaron Yashouafar is and has been a resident and citizen of and domiciled in Los Angeles, California.

5.          At all times herein mentioned, Defendant Hamid Joseph Nourmand is and has been a resident and citizen of and domiciled in Los Angeles, California.

6.          At all times herein mentioned, Defendant Malibu Reconveyance, LLC is and has been a California limited liability company with its principal place of business in Chatsworth, California.

7.          At all times herein mentioned, Defendant Van Nuys Plywood, LLC is and has been a California limited liability company with its principal place of business in Los Angeles, California.

8.          At all times herein mentioned, Defendant Soda Partners, LLC is and has been a California limited liability company with its principal place of business in Los Angeles, California

9.          Plaintiff does not know the true names and capacities of defendants sued herein as Does 1 through 10, and, therefore, sues those defendants

1

1   by such fictitious names.  Plaintiff will seek leave to amend this Complaint to set

2   forth those defendants' true names and capacities when they have been ascertained.

3   Upon information and belief, each of the fictitiously-named defendants acted as an

4   agent, employee, servant, principal, partner, shareholder, co-conspirator, aider or

5   abettor, or are otherwise responsible for the acts and omissions alleged in this

6   Complaint.

7        10.        Plaintiff is informed and believes, and based thereon alleges, that

8   defendants, and each of them, in committing the acts and omissions alleged in this

9   Complaint,

10       a. acted as agents and servants of the other defendants;

11       b. acted within the scope of their authority as such agents and servants of the

12   other defendants;

13       c. acted in concert with the other defendants with a design and for the purposes

14   of injuring Plaintiff and of unlawfully benefiting some or all of the defendants; and

15   or, in the alternative

16       d. approved and ratified the acts and omissions of the other defendants.

17                          **JURISDICTION**

18       11.        This court has original jurisdiction under 28 U.S.C. § 1332 in that

19   this is a civil action between citizens of different states in which the matter in

20   controversy exceeds, exclusive of costs and interest, $75,000.

21                            **VENUE**

22       12.        Venue is proper in this district under 28 U.S.C. § 1391(a) because

23   the Defendants reside in this district and a substantial part of the events related to

24   the claims occurred within the district.

25       **GENERAL ALLEGATIONS AGAINST ALL DEFENDANTS**

26       13.        Plaintiff Howard L. Abselet ("Plaintiff" or "Mr. Abselet") was a

27   healthy businessperson in New York when he contracted bacterial meningitis while

28   undergoing minor surgery.  As a result of the infliction of that disease, he suffered

1    a series of strokes which has impaired his mental facilities, left him partially

2    paralyzed in a wheel-chair and has required at least 12 surgical procedures.  As a

3    result of that incident, Mr. Abselet received a substantial monetary settlement

4    which he is dependent on to provide for himself and his family, as the disease has

5    taken away his ability to make a living.

6          14.      Because of his disease and impairment, Mr. Abselet has to place

7    substantial reliance on and trust in others.  One of those confidents was Defendant

8    Hamid Joseph Nourmand ("Mr. Nourmand").  Mr. Nourmand is Mr. Abselet's

9    cousin and an attorney licensed to practice law in the State of California. Mr.

10   Abselet trusted Mr. Nourmand and believed his advice given he was an attorney

11   licensed to practice in the State of California. Mr. Abselet entrusted a total of $6

12   million of his medical settlement to Mr. Nourmand, who recommended orally to

13   Mr. Abselet that he lend this money to Defendant Alliance Lending Group, Inc.

14   ("Alliance") and that repayment of such a loan would be safe and secure.  Mr.

15   Nourmand further represented orally to Mr. Abselet that repayment of the loan

16   would have the additional security of personal guarantees from Solyman

17   Yashouafar and Massoud Aaron Yashouafar ( "the Yashouafars"), with whom Mr.

18   Nourmand shared offices and as further security Mr. Abselet would be given a

19   Deed of Trust on real property at 9439 Sunset Boulevard, Beverly Hills, California

20   (the "Sunset Property").  Collectively, the Youshafars and Alliance are the

21   "Borrower Defendants".  Mr. Abselet relied on his cousin, Attorney Nourmand, to

22   take all reasonable precautions to protect Plaintiff's investment and interests.

23   However, neither Mr. Nourmand nor the Borrower Defendants disclosed to Mr.

24   Abselet that the Deed of Trust Mr. Abselet received as security was not a senior

25   encumbrance but in fact was in third position on the Sunset Property, and that

26   payments on the second deed of trust was in arrears.

27         15.      A mere four months after Mr. Nourmand and the Borrowing

28   Defendants caused to be recorded Mr. Abselet's Deed of Trust, a senior

Doc. # CC-234225 v.1

encumbrance on the Sunset Property recorded a Notice of Default and Election to Sell for arrearages in excess of $370,000.  Moreover, when Mr. Nourmand was promoting the security of the loan, he failed to disclose that at least one of the Borrower Defendants' major real estate projects had filed a bankruptcy petition. In fact, the Borrowing Defendants and Mr. Nourmand knew but failed to disclose, that the Yashouafars were heavily in debt and ultimately the Bank of America obtained an attachment against them for $19.1 million for breach of other personnel guarantees.  As a result, Mr. Nourman had allowed Mr. Abselet to place much of his life savings in a loan to troubled borrowers, without a financial statement, a policy of title insurance on his Deed of Trust, an appraisal of the value of the Sunset Property or any reasonable protection for repayment.

16.       Mr. Abselet was then to fall victim to a second phase of deception and wrongdoing. Defendants Malibu Reconveyance, LLC ("Malibu") and Van Nuys Plywood, LLC ("Van Nuys") misled Mr. Abselet regarding foreclosure on the Sunset Property by Van Nuys' second deed of trust on the Sunset Property and conducted a last minute foreclosure sale without proper notice and after assuring Mr. Abselet that it would not proceed without his receiving notice.  This assurance was important because Mr. Abselet had reach an oral agreement to purchase Van Nuys' second deed of trust and companion promissory note to save his original loan investment from being lost to foreclosure. Documentation of that agreement was halted when Malibu and Van Nuys each advised Mr. Abselet that a foreclosure sale on the Van Nuys Deed of Trust was being postponed because of a need to obtain a relief from a bankruptcy stay.  Without any warning to Mr. Abselet whatsoever, Malibu, as trustee then purported to hold a sale on the Van Nuys Deed of Trust on the Sunset in an effort to deprive Mr. Abselet of his investment. Plaintiff is informed and believes and alleges Malibu, Van Nuys and Defendant Soda Partners LLC conspired to sell the Van Nuys Deed of Trust to Soda Partners LLC by holding a sale without proper notice and by further refusing to recognize

4

1    other bidders at the sale, which would result in an "overbid" that would have

2    required payment to Mr. Abselet. The purported sale price to Soda Partners LLC

3    was but a fraction of the market value of the Sunset Property.

4         17.        On or about September 5, 2008, Alliance and  Plaintiff entered

5    into a written Promissory Note (the "Note"), a true and correct copy of which is

6    attached hereto as Exhibit "1" and incorporated herein by this reference.  Pursuant

7    to the Note, Plaintiff agreed to loan and did loan Alliance $5,500,000.00.  Alliance

8    and agreed that interest "shall be due and payable, in arrears, beginning on the first

9    day of the full month following the date that Borrower has received the funds to its

10   account, and continuing thereafter, on the first day of each and every calendar

11   month until the Maturity." Note, ¶ 1.2.  Should any given monthly payment not be

12   received within ten days of the due date, the Loan Agreement provides that "a late

13   charge of five cents for each dollar of the amount (i.e. 5%) of such given monthly

14   payment so overdue may be charged by Lender for the purpose of defraying the

15   expense incident to handling such delinquent payment." Note, ¶ 5.  The Note

16   further stated that "the principal of this Note shall be due and payable on the date

17   that is six months after the date of this Note." Note, ¶ 1.3.  In the event of default,

18   "the entire unpaid balance of that principal sum plus interest accrued to the date of

19   non-payment shall bear interest at the "Default Interest Rate," which is the lesser

20   of either (a) 10% per annum, or (b) the highest rate permitted by law." Note, ¶ 3.

21        18.        On or about September 5, 2008 and in connection with the Note,

22   the Yashouafars each executed written Personal Guaranties (the "Guaranties"), true

23   and correct copies of which are attached as Exhibits "2" and "3" and incorporated

24   herein by this reference.  By these Guaranties, the Yashouafars unconditionally

25   guaranteed to Plaintiff repayment of the monies owed him under the Promissory

26   Note. (Guaranties, ¶ 1).

27        19.        On or about September 5, 2008 Massoud Aaron Yashouafar

28   executed a Deed of Trust with Assignment of Rents on the Sunset Property (the

Doc. # CC-234225 v.1

1   "Deed"), a true and correct copy of which is attached hereto as Exhibit "4" and
2   incorporated herein by this reference.  This Deed granted to Trustee, First
3   American Title Insurance Company, in Trust with Power of Sale the property at
4   9439 Sunset Boulevard, Beverly Hills, California 90210.  It also named Mr.
5   Abselet as beneficiary with "right, power and authority" to collect and apply
6   "rents, issues and profits" from the property. (Deed, p. 1)

7        20.        The Trust Deed and the Guaranties induced Plaintiff to enter into
8   the Loan Agreement with Alliance and the Yashouafars and to loan them monies,
9   and Plaintiff acted in reliance on the Guaranties in entering into the Note and
10  lending such monies.  These Guaranties have not been revoked.

11       21.        The Borrowing Defendants made the initial payments of interest
12  to Mr. Abselet which further added to his belief that his investment was safe and
13  secure.  When Mr. Nourmand and the Borrowing Defendants asked for an
14  additional loan of $500,000, Mr. Abselet relied on their prior representations that
15  this further loan would also be safe, secure and a suitable investment of his medical
16  settlement and believed those representations to be true.

17       22.        On or about May 5, 2009, Alliance and the Yashouafars and
18  Plaintiff entered into an Amendment to the Loan Documents (the "Amendment") a
19  true and correct copy of which is attached hereto as Exhibit "5" and incorporated
20  herein by this reference.  Under the Amendment, Plaintiff increased the amount of
21  the loan by $500,000.00 making the total amount of monies loaned $6,000,000.00.
22  The Amendment did not otherwise modify the loan agreement between the parties.
23  (Amendment, ¶¶ B and B(2)).  Plaintiff would not have loaned Alliance and the
24  Yashouafars the additional $500,000.00 without the Trust Deed and Personal
25  Guaranties in place.  Plaintiff relied on the Trust Deed and the Guaranties and they
26  induced him to enter into the Amendment and to loan Alliance and the
27  Yashouafars a further $500,000.00.

28

6

23.     Mr. Nourmand represented orally to Mr. Abselet that the Yashouafars were reputable and reliable, and assured Plaintiff that the Guaranties and the Deed of Trust they provided meant that the loan was secured. He assured Plaintiff that there was ample security in the property but the truth is that he and the Yashouafars failed to inform him of the existence of senior encumbrances on the property and that they had failed to keep junior encumbrances secured. Plaintiff would not have loaned Alliance and the Yashouafars the $6,000,000.00 without Mr. Nourmand's representations. Plaintiff relied on Mr. Nourmand's advice and counsel which induced him to enter into the Loan Agreement with Alliance and the Yashouafars and Mr. Abselet believed Mr. Nourmand would use his professional skills as an attorney to make sure the investment was a suitable one for his cousin, Plaintiff Abselet, and that repayment of his investment would be safe and secure.

24.     Except as excused by Defendants' conduct and omissions as alleged in this Complaint, Plaintiff has fully performed each and every of his obligations under the Promissory Note of September 5, 2008 and the Amendment to Loan Documents of May 5, 2009 (hereinafter, the "Loan Agreement") by providing Alliance and the Yashouafars the agreed-upon sums of money. Since June of 2010, Alliance and the Yashouafars have failed to pay any amount due under the Loan Agreement, the Amendment or the Personal Guarantees, notwithstanding demand for that payment. Plaintiff is owed the full $6,000,000.00 principal, plus interest and late fees. Additionally, Plaintiff has been required to obtain counsel other than Mr. Nourmand and is entitled under the terms of the Loan Agreement, the Amendment and the Personal Guarantees to recover those fees.

25.     Soon after he stopped receiving payments, Plaintiff discovered that a Notice of Default was recorded on the Sunset Property on August 17, 2009 by Trustee Malibu, which declared arrearages of $373,138.82 on the Deed of Trust

7

1    ultimately held by Van Nuys.  Plaintiff also learned that on December 9, 2009 a

2    second encumbrance on the property held by Security Pacific was sold by FDIC

3    and assigned to Defendant Van Nuys and that a Notice of Trustee's Sale was

4    recorded by Malibu Reconveyance on the same day, However, the Defendant

5    Trustee, Malibu Reconveyance, was given standing instructions by Defendant, Van

6    Nuys, the holder of the second deed of trust on the property, to postpone the sale

7    each month so the sale was repeatedly continued throughout 2010, and Plaintiff

8    sought to negotiate with the trustee and Van Nuys in the hope of recovering some

9    of his $6 million.

10        26.       Plaintiff entered into negotiations with Van Nuys about reinstating

11    the loan that was in default since the August 17, 2009 Notice and about purchasing

12    Van Nuy's encumbrance on the Sunset Property and doing so before the next sale

13    date which was set for January 6, 2011.

14        27.       On December 13, 2010 Plaintiff recorded two Requests for Notice

15    under Section 2924b of the Civil Code so as to ensure that he received notice of

16    any upcoming sale of the property.

17        28.       On December 23, 2010 Plaintiff proposed in writing to Van Nuys

18    that they enter into a forebearance agreement which would allow him the time to

19    foreclose on his third junior lien and obtain refinancing.  Plaintiff needed the

20    January 6, 2011 sale date pushed back to permit him to obtain financing to

21    purchase Van Nuys' second trust deed.

22        29.       On or about January 5, 2011 Van Nuys responded by requiring a

23    non-refundable deposit to further postpone the foreclosure sale on the Sunset

24    property.  Plaintiff and Van Nuys reached an oral agreement whereby the sale

25    would be postponed for the consideration of a non-refundable deposit.

26        30.       On or about January 5, 2011 Plaintiff was informed that the

27    Yashouafars had transferred title to a person who had filed bankruptcy; the

28

Doc. # CC-234225 v.1

1    bankruptcy filing would automatically stay the foreclosure sale scheduled for the
2    next day.

3       31.        On January 5, 2011 Van Nuys confirmed in writing to Plaintiff
4    that the foreclosure sale was not going forward on January 6, 2011 and that Van
5    Nuys would seek to obtain relief from the automatic stay before proceeding with
6    the sale.

7       32.        On January 5, 2011 the trustee, Defendant Malibu, also confirmed
8    that the foreclosure sale set for the following day had been postponed, that there
9    was no new sale date and that the trustee would advise Plaintiff when a sale was
10   rescheduled.  Despite having already recorded two Requests for Notice of Sale,
11   Plaintiff confirmed that conversation with Malibu in writing on January 5, 2011.

12      33.        On January 10, 2011 Plaintiff asked Van Nuys of the status of its
13   attempt to have the automatic stay caused by the bankruptcy filing set aside.
14   Plaintiff was eager to memorialize the agreement reached with Van Nuys quickly
15   so as to secure the needed financing, but their oral agreement could not be
16   memorialized until the bankruptcy clouding the title on the Sunset Property had
17   been resolved to allow for refinancing. Van Nuys did not respond to that inquiry.

18      34.        On or about January 13, 2011 the Trustee Malibu wrongfully
19   proceeded with the purported foreclosure sale on Van Nuys' Trust Deed on the
20   Sunset Property without providing the repeatedly requested and legally required
21   notice to Plaintiff and purported to sell the Sunset Property to Defendant Soda
22   Partners, LLC for approximately $5.8 million, which is a fraction of the market
23   value of the Sunset Property.  In further breach of its fiduciary duty, Defendant
24   Trustee Malibu at the sale refused to recognize bidders other than Soda Partners
25   LLC who offered more money; those higher bids would have resulted in an
26   overbid and therefore money which would have to be paid to Plaintiff Abselet.

27      35.        Plaintiff is further informed and believes that rather than honor it
28   representations that it would seek relief in the United States Bankruptcy Court

Doc. # CC-234225 v.1

1  from the automatic stay so as to finalize its agreement with Plaintiff, Van Nuys

2  entered into a conspiracy with the Trustee and the eventual buyer, Soda Partners,

3  LLC, to deprive Plaintiff of his rights and interests in the Sunset Property.

## FIRST CLAIM FOR RELIEF

### (For Breach Of Contract Against Alliance Lending Group, Inc., Solyman Yashouafar, Massoud Aaron Yashouafar and DOES 1-10, inclusive)

7       36.       Plaintiff realleges and incorporates by reference paragraphs 1

8  through 35, inclusive.

9       37.       Except as excused by the conduct and omissions of Defendants,

10  Plaintiff has performed under each of the obligations and promises under the Loan

11  Agreement, including but not limited to the loaning of the $6,000,000.00.

12      38.       As set forth above, Plaintiff and Alliance and the Yashouafars

13  entered into the Loan Agreement.  Pursuant to this Agreement, Alliance and the

14  Yashouafars expressly agreed and promised to repay the loan in six months and

15  pay monthly interest at a rate of 8% per annum.

16      39.       Beginning in or around June, 2010 and continuing thereafter,

17  Alliance and the Yashouafars have breached and continue to breach the Loan

18  Agreement by failing and refusing to repay Plaintiff the monies owed him under

19  the Loan Agreement.

20      40.       Alliance and the Yashouafars owe Plaintiff the principal sum of

21  $6,000,000.00, plus interest and late charges.

22      41.       As a direct and proximate result of Alliance's and the

23  Yashouafars' breach of the Loan Agreement, Plaintiff has been damaged in the

24  sum of at least $6,000,000.00, or more, according to proof, plus interest and late

25  charges thereon in accordance with the terms of the Loan Agreement.

26

27

28

Doc. # CC-234225 v.1

## SECOND CLAIM FOR RELIEF

**(For Enforcement Of Guaranty Against Alliance Lending Group, Inc., Solyman Yashouafar, Massoud Aaron Yashouafar and DOES 1-10, inclusive)**

42.     Plaintiff realleges and incorporates by reference paragraphs 1 through 41, inclusive.

43.     Except insofar as his performance has been excused by the acts of Alliance and the Yashouafars as alleged herein, Plaintiff has performed each and every obligation to be performed on his part under the Loan Agreement and the Guaranties, including loaning $6,000,000.00.

44.     Alliance and the Yashouafars have failed and refused to repay to Plaintiff the monies owed under the Guaranties.

45.     As a direct and proximate result of the Yashouafars' breach of the Guarantees, Plaintiff has been damaged in the sum of at least $6,000,000.00, or more, according to proof, plus interest and late charges thereon in accordance with the terms of the Loan Agreement.

## THIRD CLAIM FOR RELIEF

**(For Money Had And Received Against Alliance Lending Group, Inc., Solyman Yashouafar, Massoud Aaron Yashouafar and DOES 1-10, inclusive)**

46.     Plaintiff realleges and incorporates by reference paragraphs 1 through 45, inclusive.

47.     Alliance and the Yashouafars, and each of them, have become indebted to Plaintiff for monies had and received by the Borrowing Defendants in the amount of at least $6,000,000.00.

48.     Plaintiff has demanded repayment from Alliance and the Yashouafars for the amounts outstanding.

49.     Alliance and the Yashouafars owe Plaintiff the principal sum of $6,000,000.00, plus interest and late charges.

11

## FOURTH CLAIM FOR RELIEF

**(For Monies Loaned Against Alliance Lending Group, Inc., Solyman Yashouafar, Massoud Aaron Yashouafar and DOES 1-10, inclusive)**

50.     Plaintiff realleges and incorporates by reference paragraphs 1 through 49, inclusive.

51.     Alliance and the Yashouafars, and each of them, have become indebted to Plaintiff for monies paid out and expended for Alliance and the Yashouafars at their special instance and request.

52.     Plaintiff has demanded repayment from Alliance and the Yashouafars for the amounts outstanding.

53.     Alliance and the Yashouafars owe Plaintiff the principal sum of $6,000,000.00, plus interest and late charges.

## FIFTH CLAIM FOR RELIEF

**(For Fraud Against Hamid Joseph Nourmand and DOES 1-10, inclusive)**

54.     Plaintiff realleges and incorporates by reference paragraphs 1 through 53, inclusive.

55.     Mr. Nourmand orally represented to Mr. Abselet that the investment with Alliance and the Yashouafars was safe, secure and a suitable investment for the bulk of his savings.

56.     Mr. Nourmand made these representations with the intent of inducing Plaintiff to rely on them.

57.     In fact and in truth, such representations were false.  Mr. Abselet's loan was at risk of foreclosure from senior encumbrances, the Borrowing Defendants were financial distress, having placed at least one of their investment entities into bankruptcy and in arrears on the second deed of trust on the Sunset Property.

58.     Plaintiff is informed and believes that at the time he made these representations to Plaintiff, Mr. Nourmand knew them to be false.

Doc. # CC-234225 v.1

59.     Plaintiff reasonably and justifiably relied on these representations from his cousin and lawyer, Mr. Nourmand, and but for these representations would not have loaned Alliance and the Yashouafars $6,000,000.00.

60.     As a proximate cause of Mr. Nourmand's false representations, Plaintiff has suffered damages in the sum of $6,000,000.00 or more, according to proof.

61.     Plaintiff is informed and believes and alleges thereon that the Defendants to this claim for relief, and each of them, were guilty of fraud, malice and oppression in that they engaged in the aforementioned wrongful conduct either with the deliberate intent to injure Plaintiff and to deprive him of his rights or, in the alternative, acted in such conscious disregard of Plaintiff's rights that, by reason thereof, Plaintiff is entitled to of exemplary and punitive damages according to proof.

## SIXTH CLAIM FOR RELIEF

**(For Wrongful Foreclosure Against Van Nuys Plywood, LLC, Malibu, Soda Partners, LLC and DOES 10-30, inclusive)**

62.     Plaintiff incorporates herein by reference Paragraphs 1 through 53 as though fully set forth herein.

63.     The purported foreclosure sale regarding the Sunset Property on January 13, 2011 was wrongful, in breach of both fiduciary duties and affirmative representations to Plaintiff and, Plaintiff is informed and believes, intended to defraud Plaintiff of his investment in the Property.

64.     Plaintiff had recorded two formal requests for notice of sale on December 13, 2010 and confirmed in writing with trustee Malibu on January 5, 2011 that Mr. Abselet would be advised of any new sale date.

65.     Van Nuys had assured Mr. Abselet in writing that it was seeking relief from the automatic stay on foreclosure imposed by the bankruptcy filing of January 5, 2011. Once relief was attained, Mr. Abselet and Van Nuys could close

Doc. # CC-234225 v.1

1  their agreement whereby Mr. Abselet would acquire Van Nuys' interest in the
2  second deed of trust on the Sunset Property.  Van Nuys did not in fact seek such
3  relief from the Bankruptcy Court as it represented to Plaintiff but instead
4  proceeded to have Trustee Malibu purport to conduct the foreclosure sale without
5  any notice to Plaintiff.

6      66.        Mr. Abselet received no notice of the sale taking place on January
7  13, 2011 after some twenty continuances in violation of Civil Code section 2924,
8  which demands that a notice of sale must be published, posted and mailed 20 days
9  before the sale and recorded 14 days before the sale.

10      67.        Defendant Malibu further improperly conducted the purported
11  sale by refusing to recognize other bidders who offered to pay more than
12  Defendant Soda Partners, LLC's bid.  As a consequence, Soda Partners LLC
13  received an unfair and unconscionable benefit and Plaintiff was deprived of any
14  sums from an overbid.

15      68.        Defendants Malibu and Van Nuys did not fulfill their obligations
16  to Mr. Abselet and the purported sale of January 13, 2011 must be set aside as
17  invalid.  Further, the Defendants to this claim for relief are liable to Mr. Abselet as
18  the sale of January 13, 2011 constitutes an illegal, fraudulent and willfully
19  oppressive sale of property under a power of sale contained in a mortgage or deed
20  of trust.

21      69.        As a result of the above alleged wrongful foreclosure, Plaintiff has
22  suffered irreparable harm and been damaged by the loss of his interest in the
23  Sunset Property.

24      70.        Plaintiff is informed and believes and alleges thereon that the
25  Defendants to this claim for relief, and each of them, were guilty of fraud, malice
26  and oppression in that they engaged in the aforementioned wrongful conduct either
27  with the deliberate intent to injure Plaintiff and to deprive him of his rights or, in
28  the alternative, acted in such conscious disregard of Plaintiff's rights that, by

Doc. # CC-234225 v.1

1   reason thereof, Plaintiff is entitled to of exemplary and punitive damages according

2   to proof.

3   ### SEVENTH CLAIM FOR RELIEF

4   **(For Declaratory Relief Against All Defendants except Hamid Joseph**

5   **Nourmand)**

6   71.      Plaintiff incorporates herein by reference Paragraphs 1 through 70

7   as though fully set forth herein.

8   72.      A real and actual controversy has arisen between Mr. Abselet, on

9   one hand, and the Defendants, on the other hand, with respect to the Sunset

10  Property.

11  73.      On one hand, Mr. Abselet asserts that his valid third deed of trust

12  gives him title to the property subject to the first and second deeds of trust. On the

13  other hand, Malibu Reconveyance and Van Nuys claim to have transferred title to

14  the property to Soda Partners, LLC on January 13, 2011.

15  74.      Mr. Abselet requests a judicial determination of these issues.

16  Plaintiff specifically requests the following declarations by the court:

17  A.      That the January 13, 2011 sale of the property to Soda Partners, LLC

18  is invalid; and

19  B. That Mr. Abselet takes title to the property subject to the first and second

20  deed of trust.

21  75.      The requested judicial declarations are necessary and appropriate

22  at this time in order to clarify the legal rights and obligations of the parties.

23  Without the requested declarations irreparable harm will be suffered by Mr.

24  Abselet.

25

26

27

28

15

## EIGHTH CLAIM FOR RELIEF

**(For Imposition of Constructive Trust Against Van Nuys Plywood, LLC Soda Partners, LLC and Does 10‑30)**

76.     Plaintiff incorporates herein by reference Paragraphs 1 through 75 as though fully set forth herein.

77.     Plaintiff has an interest in the Sunset Property, which Defendants Malibu and Van Nuys purport to eliminate by an improper foreclosure sale to Soda Partners, LLC on January 13, 2011.

78.     These Defendants hold the Sunset Property, as well as all rents, issues, profits of the Property, as constructive trustees for Plaintiff's benefit.

79.     Plaintiff requests that the Court impose such constructive trusts as necessary to protect and preserve Plaintiff's rights and interests, and to return these assets (as well as all rents, issues, profits of such assets) to Plaintiff, their rightful owner.

## NINTH CLAIM FOR RELIEF

**(For Negligent Misrepresentation Against Alliance Lending Group, Inc., Solyman Yashouafar, Massoud Aaron Yashouafar, Hamid Joseph Nourmand and DOES 1-10, inclusive)**

80.     Plaintiff incorporates herein by reference Paragraphs 1 through 79 as though fully set forth herein.

81.     As set forth more fully above, Alliance, the Yashoufars and Mr. Nourmand concealed the fact that Alliance and the Yashouafars were in financial dire straits and, instead, misrepresented orally and in writing to Plaintiff that Plaintiff would be fully repaid under the foregoing promissory note and personal guarantees and that the Borrowing Defendants had the ability to repay the loan.

82.     Said Defendants knew or should have known such representations were false at the time they were made and made them with the intent Plaintiff rely upon them.

16

83.     Plaintiff was ignorant of the falsity of these Defendants' misrepresentations and reasonably believed them to be true and acted in actual and justifiable reliance thereon by loaning the $6,000,000.

84.     As a direct and proximate result of these Defendant's wrongful conduct, Plaintiff has and will continue to suffer damages in the sum of $6,000,0 Plaintiff is informed and believes and alleges thereon that the Defendants to this claim for relief, and each of them, were guilty of fraud, malice and oppression in that they engaged in the aforementioned wrongful conduct either with the deliberate intent to injure Plaintiff and to deprive him of his rights or, in the alternative, acted in such conscious disregard of Plaintiff's rights that, by reason thereof, Plaintiff is entitled to of exemplary and punitive damages according to proof.

## TENTH CLAIM FOR RELIEF

### (For Breach of Fiduciary Duty Against Malibu Reconveyance, LLC and DOES 10-30, inclusive)

85.     Plaintiff incorporates herein by reference Paragraphs 1 through 84 as though fully set forth herein.

86.     At all times relevant, a relationship of trust and confidence existed between Plaintiff and the Trustee Malibu and Malibu owed a fiduciary duty to Plaintiff.

87.     Malibu breached its fiduciary duty to Mr. Abselet by engaging in the activities described more fully above, including the failure to give notice of the sale to Plaintiff and conducting the sale in such a manner as to fail to obtain the highest price for the purported sale.

88.     At the time, Malibu Reconveyance engaged in the activities described more fully above, it knew it was behaving improperly and knew that by undertaking the actions described above it was breaching its fiduciary duty to Mr. Abselet.

17

89.       As a direct and proximate result of Malibu's breaches of its fiduciary duties, Mr. Abselet has suffered damages in the sum of $6,000,000 or more, according to proof, together with interest thereon.

90.       Plaintiff is informed and believes and alleges thereon that the Defendants to this claim for relief, and each of them, were guilty of fraud, malice and oppression in that they engaged in the aforementioned wrongful conduct either with the deliberate intent to injure Plaintiff and to deprive him of his rights or, in the alternative, acted in such conscious disregard of Plaintiff's rights that, by reason thereof, Plaintiff is entitled to of exemplary and punitive damages according to proof.

## ELEVENTH CLAIM FOR RELIEF

### (For Breach of Fiduciary Duty Against Hamid Joseph Nourmand and DOES 1-10, inclusive)

91.       Plaintiff incorporates herein by reference Paragraphs 1 through 90 as though fully set forth herein.

92.       At all relevant times, there was a relationship of trust and confidence between Plaintiff and his cousin, Attorney Defendant Nourmand. Defendant Nourmand owed a fiduciary relationship to Plaintiff.

93.       Mr. Nourmand breached his fiduciary duty to Mr. Abselet by engaging in the activities described more fully above, including but not limited to 1). representing to Mr. Abselet that the investment he recommended with Alliance and the Yashouafars was safe and secure; 2). presenting to Mr. Abselet a Deed of Trust on the Sunset Property without disclosing to Mr. Abselet that the Deed of Trust he received as security was not senior but in fact was in third position on the property and that the second deed of trust was in default; 3). failing to disclose to Mr. Abselet that the Yashouafars' other investments were facing bankruptcy, that they were heavily in debt, and had an attachment against them from Bank of America for $19.1 million; 4) failing to advise Plaintiff to obtain a policy of title

18

1   insurance on his Deed of Trust on the Sunset Property, an appraisal of the value of
2   the Sunset Property and to obtain from the Borrower Defendants financial
3   statements.

4       94.        As a direct and proximate result of Mr. Nourmand's breaches of
5   his fiduciary duties, Plaintiff has been damaged in the sum of $6,000,000 or more
6   according to proof.

7       95.        Plaintiff is informed and believes and alleges thereon that the
8   Defendants to this claim for relief, and each of them, were guilty of fraud, malice
9   and oppression in that they engaged in the aforementioned wrongful conduct either
10   with the deliberate intent to injure Plaintiff and to deprive him of his rights or, in
11   the alternative, acted in such conscious disregard of Plaintiff's rights that, by
12   reason thereof, Plaintiff is entitled to of exemplary and punitive damages according
13   to proof.

14   **TWELTH CLAIM FOR RELIEF**
15   **(For Professional Negligence Against Hamid Joseph Nourmand and**
16   **DOES 1-10, inclusive)**

17       96.        Plaintiff incorporates herein by reference Paragraphs 1 through 95
18   as though fully set forth herein.

19       97.        Mr. Nourmand provided legal advice to Mr. Abselet regarding the
20   loans he made to Alliance and the Yashouafars.  Mr. Abselet looked to Attorney
21   Nourmand for advice and counsel consistent with the skill and knowledge expected
22   of an attorney licensed to practice in the State of California.

23       98.        Mr. Nourmand had a duty to exercise due care in his advice to his
24   cousin, Plaintiff Abselet.  He was also aware of his cousin's predicament as a
25   result of his medical injury and his dependence on the sums loaned to the
26   Borrowing Defendants.

27       99.        In doing the acts hereinabove described, Mr. Nourmand failed to
28   exercise due care in the performance of his legal services for, and on behalf of, Mr.

Doc. # CC-234225 v.1

Abselet by specifically, 1). representing to Mr. Abselet that the investment he recommended with Alliance and the Yashouafars was safe and secure; 2). presenting to Mr. Abselet a Deed of Trust on the Sunset property without disclosing to Mr. Abselet that the Deed of Trust he received as security was not senior but in fact was in third position on the property and that the second deed of trust was in default; 3). failing to disclose to Mr. Abselet that the Yashouafars' other investments were facing bankruptcy, that they were heavily in debt, and had an attachment against them from Bank of America for $19.1 million; and 4). failing to advise Mr. Abselet to acquire a policy of title insurance, a title report, or a property appraisal on the Sunset Property or financial statements from the Borrower Defendants.

100.        Mr. Abselet reasonably and justifiably relied on Mr. Nourmand's advice in entering into the loan agreement with Alliance and the Yashouafars and believed his cousin's counsel and advice would be in Plaintiff's best interests. But for Mr. Nourmand's breaches of his duty of care, Mr. Abselet would not have loaned money to Alliance and the Yashouafars.

101.        As a direct and proximate result of Mr. Nourmand's breaches of his duty of due care, Mr. Abselet has lost a major portion of his life savings and endangered his means of supporting himself and his family and further has been damaged in the sum of $6,000,000 or more, according to proof.

102.        Plaintiff is informed and believes and alleges thereon that the Defendants to this claim for relief, and each of them, were guilty of fraud, malice and oppression in that they engaged in the aforementioned wrongful conduct either with the deliberate intent to injure Plaintiff and to deprive him of his rights or, in the alternative, acted in such conscious disregard of Plaintiff's rights that, by reason thereof, Plaintiff is entitled to of exemplary and punitive damages according to proof.

Doc. # CC-234225 v.1

## THIRTEENTH CLAIM FOR RELIEF
## (FOR JUDICIAL FORECLOSURE)

103.     Plaintiff incorporates herein by reference Paragraphs 1 through 102 as though fully set forth herein.

104.     As security for his loan of $6,000,000 to Alliance and the Yashouafars, Plaintiff was title owner of a third deed of trust on the Sunset Property.

105.     Plaintiff is now, and at all times relevant to this action, has been the lawful beneficiary of the Trust Deed on the Sunset Property.

106.     The Trust Deed and Loan Agreement provide that, should a default occur in the payment of any installment when due, or in the performance of any obligation in the trust deed securing payment of the note, the whole sum of principal shall become immediately due at the election of Plaintiff.

107.     By the express terms of the third Deed of Trust on the Sunset Property, upon any default Plaintiff in person, by agent, or by receiver appointed by the court is entitled to enter upon and take possession of said property or any part thereof, and collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection upon any indebtedness secured by the instrument.

108.     Written demand has been made upon the Borrowing Defendants to pay Plaintiff the monies owed and interest due but they have refused and continue to refuse to comply with the demand.

109.     By the terms of the Trust Deed, Defendants promised that if any action were commenced on the note or trust deed, they would pay Plaintiff's reasonable attorney's fees.  Because of Alliance's and the Yashouafars' defaults, it has become necessary for Plaintiff to employ attorneys licensed to practice in California to commence and prosecute this action.

Doc. # CC-234225 v.1

110.     As a consequence of the Borrowing Defendants breaches as set forth herein, Plaintiff is entitled to judicial foreclosure on his Deed of Trust by a sale of the Sunset Property along with a judgment for any deficiency from such sale.

WHEREFORE, Mr. Abselet prays for judgment in his favor and against Defendants as appropriate to the claim, and specifically for relief as follows:

1. As to the First, Second, Third, Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, and Twelfth Claims for Relief, for the damages in the sum of $6,000,000.00

2. As to the Sixth and Seventh Claims for Relief, for a Declaration that the January 13, 2011 purported sale of the property to Soda Partners, LLC and any Trustee's Deed related thereto are invalid; and that Mr. Abselet takes title to the property subject to the first and second deed of trust.

3. As to the Sixth and Eighth Claims for Relief, for a constructive trust in favor of Plaintiff over the Sunset Property and all rents, profits and proceeds from the Sunset Property;

4.     As to the Fifth, Sixth, Ninth, Tenth, Eleventh and Twelfth Claims for Relief, for exemplary or punitive damages according to proof;

5.     As to the Thirteenth Claim for Relief,

(a)  that Plaintiff's deed of trust on the Sunset Property be foreclosed, that the Sunset Property be sold according to law by a levying officer to be appointed by the court, that the proceeds of the sale be applied in payment of the amounts due to Plaintiff, that each defendant and all persons claiming under each defendant, after execution of plaintiff's trust deed, whether as lien claimant, judgment creditor, claimant under a junior trust deed, purchaser, lien holder, or otherwise, be barred and foreclosed from all rights, claims, interests, or equity of redemption in the property and every part of the property when time for redemption has lapsed

Doc. # CC-234225 v.1

1         (b)  Judgment against Alliance and the Yashouafars for any deficiency

2 that may remain after applying all of the proceeds of the sale of the property and

3 the collateral properly applicable to the satisfaction of said judgment;

4         (c)  an order permitting Plaintiff or any parties to this action to

5 become a purchaser at the foreclosure sale, and direct the levying officer, after the

6 time for redemption has elapsed, to execute a deed to the purchaser of the property

7 at the sale, and direct that the purchaser be let into possession of the property on

8 production of the levying officer's deed

9         (d) For foreclosure of deed of trust based on monetary default in

10 accordance with the terms of Sections 725 and 726 of the Code of Civil Procedure;

11 and

12     6.     For interest at the highest rate permissible by law;

13     7.     For costs of suit incurred herein, including reasonable attorneys' fees;

14     8.     For such other and further relief as the Court may deem just and

15 proper.

16

17 Dated:  January 26, 2011           STEPTOE & JOHNSON LLP

18                               MARK A. NEUBAUER

19                               MICHAEL N. JONES

20

21                  By: _____

22                          MARK A. NEUBAUER

23                 Attorneys for Plaintiff Howard Abselet

24

25

26

27

28

Doc. # CC-234225 v.1

1

## DEMAND FOR JURY TRIAL

2

3          **PLEASE TAKE NOTICE** that Plaintiff hereby demands a trial by

4     jury in the within matter.

5

6     Dated:  January 26, 2011                    STEPTOE & JOHNSON LLP

7
                                                  MARK A. NEUBAUER
8                                                 MICHAEL N. JONES

9

10                                                By: _____

11                                                    MARK A. NEUBAUER

12                                                Attorneys for Plaintiff Howard Abselet

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

# EXHIBIT 1

# PROMISSORY NOTE

U.S. $5,500,000.00

**LOS ANGELES, CALIFORNIA**

**FOR VALUE RECEIVED,** at the times and in the manner hereinafter stated, the undersigned, **ALLIANCE LENDING GROUP, INC.,** a California corporation (hereinafter referred to as the "Borrower"), promises to pay to the order of **HOWARD L. ABSELET** (the "Lender"), whose address is 114 Pine Street, Port Jefferson Station, New York 11776, or Lender's successors or assigns, at such place, as Lender may from time to time designate, in legal tender of the United States of America, the principal sum of **FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS (U.S. $5,500,00.00)** with interest on the unpaid principal at the rates and upon the terms and conditions set forth herein below.

1. **Payment of Principal and Interest.** The principal amount of this Note has been advanced by Lender to Borrower (in one or more installments), prior to the effective date of this Note. Interest and principal under this Promissory Note (this "Note") shall be due and payable by Borrower to Lender as follows:

   1.1. **Interest Rate.** Except as otherwise provided elsewhere interest shall accrue on the principal sum of this Note until repaid in full at the following rates:

   During the period commencing with the date that Borrower has received the funds to its account, up to and including the Maturity (as defined herein), the interest rate shall be **EIGHT PERCENT (8%)** per annum. The interest rate in effect from time to time pursuant to this Section 1.1 shall be referred herein as "Note Rate". Interest shall be computed hereunder based on a 365-day year and paid for on the actual number of days elapsed for any whole or partial month in which interest is being calculated.

   1.2. **Payment of Interest.** Scheduled interest, computed at the above described rate, shall be due and payable, in arrears, beginning on the first day of the full month following the date that Borrower has received the funds to its account, and continuing thereafter, on the first day of each and every calendar month until the Maturity.

   1.3. **Payment of Principal.** Unless sooner accelerated, the principal of this Note shall be due and payable on the date that is **SIX MONTHS** after the date of this Note (hereinafter the "Maturity"), provided, however, that Lender shall have the option and right not to demand payment of the principal balance on said Maturity date, and in such event, this Note shall continue in full force and effect from and after said Maturity Date, and the unpaid principal balance due under the Note shall be due and payable **30 DAYS** after demand for the payment of the same is made in writing by Lender to Borrower. Borrower shall have the right to prepay all or a portion of the principal of this Note, at any time, without any penalty.

   1.4. **Application of Payments.** Each payment hereunder shall, when made, be credited first to collection and other expenses, then to late charges, then to interest then due and payable and finally to the principal. A payment shall be deemed "made" when and only when immediately available funds are actually tendered to Lender or Lender's designated depository.

2. **Security for this Note.** This Note is secured by, among other things, one or more personal guarantees, the obligations under which are secured by one or more deeds of trusts with assignment of rents encumbering real property and dated substantially as of the date hereof.

3. **Interest Rate Upon Default.** Should Borrower default in the payment of any of the indebtedness evidenced hereby, after the entire principal amount hereby shall have become due and

Page -1-

Borrowers' Initials

**EXHIBIT** _1_

25

payable, whether by acceleration, at Maturity or otherwise (but only after the expiration of applicable cure or grace periods, if any), the entire unpaid balance of that principal sum plus interest accrued to the date of non-payment shall bear interest at the "Default Interest Rate", which is the lesser of either: (a) TEN ELEVEN PERCENT (10%) per annum, or (b) the highest rate permitted by law. Said Default Interest Rate shall only apply for such periods that Borrower remains in default and the interest rate shall return to the rate stated in Section 1.1 following the cure of any such default(s).

4.    **Maximum Interest Rate.** Borrower hereby acknowledges that the loan evidenced by this Note was arranged through or with the involvement and assistance of a licensed broker, and to the extent applicable, the loan is exempt from the maximum interest rate limitations set forth under Article XV of the California Constitution. Notwithstanding the foregoing, all agreements between the Borrower and the Lender are expressly limited so that in no contingency or event whatsoever, whether by the reason of advancement of the proceeds hereof, acceleration of maturity of the unpaid principal balance hereof, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of the money to be advanced hereunder exceed the highest lawful rate permissible under the applicable usury law.

5.    **Late Charge.** In the event that any given monthly payment of interest required hereunder or under the Deed of Trust shall not be received by Lender within 10 days of the due date, a late charge of five cents for each dollar of the amount (i.e. 5%) of such given monthly payment so overdue may be charged by Lender for the purpose of defraying the expense incident to handling such delinquent payment. Such late charge represents the reasonable estimate of Lender and Borrower of a fair average compensation for the loss that may be sustained by Lender due to the failure of Borrower to make timely payments. Such late charge shall be paid without prejudice to the right of Lender to collect any other amounts provided to be paid or to declare a default under this Note or the Deed of Trust. Any late charges which may accrue and for which notice has been provided shall be payable on the date the next monthly installment is due under this Note. The sum past due shall bear interest at the Default Interest Rate from the due date of the sum past due until the date of the payment of such sum. If Borrower tenders any payment, due under this Note, to Lender in form of a check or draft and such check or draft is returned or rejected for any reason, then, in addition to charges imposed by this Paragraph 5, Borrower shall pay Lender an amount of $50.00 to cover Lender's out-of-pocket expenses and delays. This additional charge in no way waives or limits Lender's legal rights or remedies hereunder, or its rights to recover treble damages under California Civil Code §1719. If any of Borrower's payments is returned or rejected for any reason, all subsequent payments due under this Note shall be made in certified funds from a California bank.

6.    **Acceleration Upon Default.** If any of the following events (collectively, "Events of Default") shall occur and be continuing:

          (a)    breach or default in timely payment of principal, interest, or any other indebtedness or payments of money evidenced by this Note, as and when required, after the expiration of a 10-day grace period, during which time Borrower may cure the default but only by making the required payment; or

          (b)    breach or default in performance of any term, covenant, condition or agreement under this Note, other than relating to the payment of indebtedness or money; or

          (c)    Borrower applies for or consents to the appointment of a receiver or trustee for it or any portion of its property, or if such receiver or trustee is appointed for Borrower or its property and is not discharged within thirty (30) days after the date of such appointment, or Borrower makes an assignment for the benefit of creditors, or Borrower admits in writing its inability to pay its debts as they become due, or Borrower becomes insolvent, or a petition is filed by Borrower pursuant to any of the provisions of the Bankruptcy Code, 11 U.S.C. Sections 101 et seq., as amended, or any

Page -2-

Borrowers' Initials

similar or successor statue or such a petition is filed against Borrower and is not dismissed or vacated within thirty (30) days after the date of filing.

In the event of the occurrence of any of the foregoing events, Lender may declare (after due notice to Borrower and opportunity to cure -- if a cure is possible) the entire principal balance evidenced hereby, plus all accrued and unpaid interest, immediately due and payable.

7.    **Capacity.** Borrower hereby covenants, agrees, discloses, represents and warrants that Borrower has the full power, authority, and legal right to incur the indebtedness and other obligations provided for herein to which the Borrower is a signatory hereunder, and to execute all such documents, and to perform and observe the terms and provisions of said documents.

8.    **Attorneys' Fees.** In the event that suit be brought hereon by either Lender or Borrower, or an attorney be employed or expenses be incurred to enforce the provisions of this Note, or any portion of the indebtedness evidenced hereby, the prevailing party shall be entitled to such attorneys' fees, costs and expenses of investigation, all as actually incurred as a result thereof.

9.    **Waiver of Notice.** To the maximum extend allowed by law, Borrower hereby waives diligence, demand, presentment for payment, notice of nonpayment, protest and notice of protest and, specifically, consent to waive notice of any renewals or extensions of this Note, whether made to or in favor of Borrower or any other person or persons. The pleading of any statute of limitations as a defense to any demand against Borrower is expressly waived by Borrower.

10.    **Governing Law.** This Note is governed by, and shall be construed in accordance with the laws of the State of California.

11.    **Exercise of Rights.** No failure to accelerate the debt evidenced hereby by reason of default hereunder, acceptance of a partial or past due payment, or indulgences granted from time to time shall be construed (a) as a novation of this Note or as a reinstatement of the indebtedness evidenced hereby or as a waiver of such right of acceleration or of the right of Lender thereafter to insist upon strict compliance with the terms of this Note, or (b) to prevent the exercise of such right of acceleration or any other right granted hereunder or by any applicable laws; and Borrower hereby expressly waives the benefit of any statute or rule of law or equity now provided, or which may hereafter be provided, which would produce a result contrary to or in conflict with the foregoing. No extension of the time for the payment of this Note or any installment due hereunder, made by agreement with any person now or hereafter liable for the payment of this Note shall operate to release, discharge, modify, change or affect the original liability of Borrower under this Note, either in whole or in part unless Lender agrees otherwise in writing. This Note may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

12.    **Successors and Assigns.** The terms of this Note apply to, inure to the benefit of, and bind all parties hereto, their heirs, legatees, devisees, administrators, executors, permitted successors and assigns.

13.    **Conditions Precedent.** Borrower hereby certifies and declares that all acts, conditions and things required to be done and performed as conditions precedent to the execution and delivery of this Note, and to constitute this Note a valid obligation of the Borrower in accordance with its terms, have been done and performed in compliance with all applicable laws.

14.    **Severability.** If any provision or any word, term, clause or part of any provision of this Note shall be invalid for any reason, the remainder of this Note and the provisions thereof shall remain in full force and effect.

Borrowers' initials

Sep 01 10 07:09p      Howard Ab                                    8286505                   p.17
08/06/10  FRI 16:25 FAX 21. J88 2848        LAW OFFICES                                    Ø004

15.    <u>Gender and Number</u>. All pronouns and any variations thereof shall be deemed to refer to the masculine, feminine, neuter, singular and plural as the identity of the person or persons, or as the context may require.

16.    <u>Time of Essence</u>. Time is of the essence of each and every obligation contained herein.

IN WITNESS WHEREOF, Borrower has executed this Note as of September 5, 2008.

"Borrower"

ALLIANCE LENDING GROUP, INC.,
a California corporation

By:

M. Aaron Yashouafar
Its Chief Executive Officer
and duly authorized signatory

Address: 660 S. Figueroa Street, 24th Floor
Los Angeles, California 90017

Page -4-

Borrowers' Initials

28

# EXHIBIT 2

Sep 01 10 07:10p    Howard Ab                                    8286505                    p.18

03/06/10  FRI 16:31 FAX 213 688 2848        LAW OFFICES

# PERSONAL GUARANTY

THIS PERSONAL GUARANTY (this "Agreement"), is made and delivered as of September 5, 2008, by SOLYMAN YASHOUAFAR, an individual ("Guarantor"), whose address is 660 S. Figueroa Street, 24th Floor, Los Angeles, California 90017, in favor of HOWARD L. ABSELET ("Lender"), whose address is 114 Pine Street, Port Jefferson Station, New York 117768.

## RECITALS

A.      ALLIANCE LENDING GROUP, INC., a California corporation ("Borrower"), has obtained a loan in the principal amount of FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS (U.S. $5,500,00.00) (the "Loan") from Lender.

B.      The Loan is evidenced by a Promissory Note dated of approximately even date herewith (the "Note"), executed by Borrower and payable to the order of Lender.

C.      As a condition to making the Loan to Borrower, Lender has required that Guarantor personally guaranty the payment to Lender of all of Borrower's obligations under the Note and any other documents relating to the Loan (collectively, the "Loan Documents").

D.      The extension of the Loan to Borrower is of substantial benefit to Guarantor and, therefore, Guarantor has agreed to and desires to guaranty the payment to Lender and performance of all of Borrower's obligations under the Loan.

NOW, THEREFORE, to induce Lender to extend the Loan to Borrower and in consideration of the foregoing premises and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor hereby covenants and agrees for the benefit of Lender, as follows:

1.      **GUARANTY OF OBLIGATIONS.**  Guarantor hereby unconditionally guaranties to Lender full payment and prompt and faithful performance by Borrower of each and all of Borrower's present and future indebtedness and obligations to Lender which may arise pursuant to the Loan and any of the Loan Documents. The words "indebtedness" and "obligations" are used herein in their most comprehensive sense and include any and all advances, debts, obligations, and liabilities of Borrower heretofore, whether due or not due, absolute or contingent, liquidated or un liquidated, determined or undetermined, and whether Borrower may be liable individually or jointly with others, or whether recovery maybe or hereafter become barred by any statute of limitations or otherwise become unenforceable (said indebtedness and obligations guaranteed hereunder shall be collectively referred to herein as the "Obligation" or the "Obligations").

2.      **RIGHTS ARE INDEPENDENT.**  The Obligations of Guarantor are and shall be independent of the obligations of Borrower with regard to the Loan and under the Loan Documents and separate action or actions may be brought and prosecuted by Lender against Guarantor whether or not an action is brought against Borrower or whether Borrower is joined in any such action or actions.

3.      **WAIVER OF DEFENSES.**  To the fullest extent permitted by law, Guarantor hereby waives and agrees not to assert or take advantage of:

(a)     The defense of the statute of limitations in any action hereunder;

(b)     Any defense that may arise by reason of the incapacity, lack of authority, death or disability of any other person or persons or the failure of Lender to file or enforce a claim against the estate (in administration, bankruptcy or any other proceeding) of any other person or persons;

(c)     Any defense based upon an election of remedies;

1

**EXHIBIT** 2

(d)     Diligence, demand, presentment for payment, notice of nonpayment, protest and notice of protest and, specifically, consent to waive notice of any renewals or extensions of this Note, whether made to or in favor of Borrower or any other person or persons;

(e)     Any right or claim or right to cause a marshalling of the assets of Guarantor;

(f)     Any lack of notice of disposition or of manner of disposition of any collateral;

(g)     Any deficiencies in the collateral or any deficiency in the ability of Lender to collect or to obtain performance from any persons or entities now or hereafter liable for the payment and performance of any obligation hereby guaranteed;

(h)     Any assertion or claim that the automatic stay provided by 11 U.S.C. §362 (arising upon the voluntary or involuntary bankruptcy proceeding of Borrower) or any other stay provided under any other Borrower relief law (whether statutory, common law, case law or otherwise) of any jurisdiction whatsoever, now or hereafter in effect, which may be or become applicable, shall operate or be interpreted to stay, interdict, condition, reduce or inhibit the ability of Lender to enforce any of its rights, whether now or hereafter required, which Lender may have against Guarantor;

(i)     Any modifications of this Agreement (or any other document relating to the obligation of Borrower) by operation of law or by action of any court, whether pursuant to the Bankruptcy Reform Act of 1978, as amended, or any other Borrower relief law (whether statutory, common law, case law or otherwise) of any jurisdiction whatsoever, now or hereafter in effect, or otherwise; and

(j)     Any right to require Lender to proceed against Borrower or any other person or to proceed against or exhaust any security held by Lender at any time or to pursue any other remedy in Lender's power or under any other agreement before proceeding against Guarantor hereunder.

Without limiting the generality of the foregoing or any other provision hereof, Guarantor expressly waive any and all benefits which might otherwise be available to Guarantor under California Civil Code Sections 2809, 2810, 2819, 2839, 2845, 2849, 2850, 2899 and 3433 and California Code of Civil Procedure Sections 580a, 580b, 580d and 726, or any of such sections.

In addition to all the other waivers agreed to and made by Guarantor as set forth in this Agreement, and pursuant to the provisions of California Civil Code Section 2856, Guarantor hereby waives all rights and defenses that Guarantor may have because any debt or the Obligation may be secured by real property. This means, among other things:

(1)     Lender may collect from Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower and may elect its remedies as against Guarantor or Borrower or both.

(2)     If Lender forecloses on any real property collateral pledged by Borrower:

(A)     The amount of the debt may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price.

(B)     Lender may collect from Guarantor even if the creditor, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from Borrower.

4.     **CONTINUING GUARANTY.**   It is the intention of Guarantor that this Agreement shall constitute a continuing guaranty of each and all of the Obligations of Borrower relating to the Loan and under the Loan Documents and any addendums or modifications thereto.

2

5.    **DEFAULT.** Any one or more of the following shall be a default hereunder:

a)    any default in payment or performance of any instrument, or any default under any Loan Document, the Deed of Trust (as described below), or of the Obligations hereby guaranteed;

b)    any warranty, representation, statement, or report made or delivered to Lender by Borrower, or Guarantor, is incorrect, false, untrue or misleading when given in any material respect whatever;

c)    Guarantor shall sell, transfer convey or in any manner alienate its interest in Borrower; or

d)    Guarantor becomes insolvent, or a petition is filed by Guarantor pursuant to any of the provisions of the Bankruptcy Code, 11 U.S.C. Sections 101 et seq., as amended, or any similar or successor statue or such a petition is filed against Guarantor and is not dismissed or vacated within thirty (30) days after the date of filing.

6.    **GUARANTOR'S DIRECT BENEFIT.** Guarantor hereby represent and warrant that it is in Guarantor's direct interest to assist Borrower because of Guarantor's position(s) in and economic relation(s) with Borrower.

7.    **ATTORNEY'S FEES.** In the event that suit be brought hereon by either Lender or Guarantor, or an attorney be employed or expenses be incurred to enforce the provisions of this Agreement, or any portion of the indebtedness evidenced hereby, the prevailing party shall be entitled to such attorneys' fees, costs and expenses of investigation, all as actually incurred as a result thereof.

8.    **SUCCESSORS AND ASSIGNS.** This Agreement shall bind the successors and assigns of Guarantor and shall inure to the benefit of Lender and its successors, assigns, affiliate, subsidiaries and related entities.

9.    **GOVERNING LAW.** This Agreement shall be governed by, and construed in accordance with the laws of the State of California.

10.   **SEVERABILITY.** In case any right of Lender herein shall be held to be invalid, illegal, or unenforceable, such invalidity, illegality and/or unenforceability, shall not affect any other right granted hereby.

11.   **NO LIMITATION ON LIABILITY.** Guarantor hereby consents and agrees that Lender may at any time and from time to time without further consent from Guarantor do any of the following events, and the liability of Guarantor under this Agreement shall be unconditional and absolute and shall in no way be impaired or limited by any of the following events, whether occurring with or without notice to Guarantor or with or without consideration:  (i) any extensions of time for performance required by any of the Loan Documents or extension or renewal of the Note; (ii) any change in the composition of Borrower, including, without limitation, the withdrawal or removal of Guarantor from any current or future position of ownership, management or control of Borrower; (iii) the release of Borrower or of any other person or entity from performance or observance of any of the agreements, covenants, terms or conditions contained in any of the Loan Documents by operation of law, Lender's voluntary act or otherwise; (iv) the modification of the terms of any one or more of the Loan Documents; or (v)  No such action which Lender shall take or fail to take in connection with the Loan Documents or any collateral for the Loan, nor any course of dealing with Borrower

3

09/00/10   FRI 10:02 FAX 213 688 2848      LAW OFFICES                    ☑004

or any other person, shall limit, impair or release Guarantor's obligations hereunder, affect this Agreement in any way or afford Guarantor any recourse against Lender.   Nothing contained in this Section shall be construed to require Lender to take or refrain from taking any action referred to herein.

        **IN WITNESS WHEREOF**, Guarantor has executed this Agreement as of the day and year first above written.

"Guarantor"

_(signature)_

SOLYMAN YASHOUAFAR

4

# EXHIBIT 3

Sep 01 10 07:08p        Howard A!
08/06/10  FRI 16:26 FAX 21_ _88 2848        LAW OFFICES              1 8286505                    p.10

## PERSONAL GUARANTY
## (SECURED BY DEED OF TRUST)

THIS PERSONAL GUARANTY (this "Agreement"), is made and delivered as of September 5, 2008, by MASSOUD AARON YASHOUAFAR, an individual ("Guarantor"), whose address is 660 S. Figueroa Street, 24th Floor, Los Angeles, California 90017, in favor of HOWARD L. ABSELET ("Lender"), whose address is 114 Pine Street, Port Jefferson Station, New York 117766.

## RECITALS

A.      ALLIANCE LENDING GROUP, INC., a California corporation ("Borrower"), has obtained a loan in the principal amount of FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS (U.S. $5,500,00.00) (the "Loan") from Lender.

B.      The Loan is evidenced by a Promissory Note dated of approximately even date herewith (the "Note"), executed by Borrower and payable to the order of Lender.

C.      As a condition to making the Loan to Borrower, Lender has required that Guarantor personally guaranty the payment to Lender of all of Borrower's obligations under the Note and any other documents relating to the Loan (collectively, the "Loan Documents").

D.      The extension of the Loan to Borrower is of substantial benefit to Guarantor and, therefore, Guarantor has agreed to and desires to guaranty the payment to Lender and performance of all of Borrower's obligations under the Loan.

NOW, THEREFORE, to induce Lender to extend the Loan to Borrower and in consideration of the foregoing premises and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor hereby covenants and agrees for the benefit of Lender, as follows:

1.      GUARANTY OF OBLIGATIONS.  Guarantor hereby unconditionally guaranties to Lender full payment and prompt and faithful performance by Borrower of each and all of Borrower's present and future indebtedness and obligations to Lender which may arise pursuant to the Loan and any of the Loan Documents. The words "indebtedness" and "obligations" are used herein in their most comprehensive sense and include any and all advances, debts, obligations, and liabilities of Borrower heretofore, whether due or not due, absolute or contingent, liquidated or un liquidated, determined or undetermined, and whether Borrower may be liable individually or jointly with others, or whether recovery maybe or hereafter become barred by any statute of limitations or otherwise become unenforceable (said indebtedness and obligations guaranteed hereunder shall be collectively referred to herein as the "Obligation" or the "Obligations").

2.      RIGHTS ARE INDEPENDENT.  The Obligations of Guarantor are and shall be independent of the obligations of Borrower with regard to the Loan and under the Loan Documents and separate action or actions may be brought and prosecuted by Lender against Guarantor whether or not an action is brought against Borrower or whether Borrower is joined in any such action or actions.

3.      WAIVER OF DEFENSES.  To the fullest extent permitted by law, Guarantor hereby waives and agrees not to assert or take advantage of:

(a)      The defense of the statute of limitations in any action hereunder;

(b)      Any defense that may arise by reason of the incapacity, lack of authority, death or disability of any other person or persons or the failure of Lender to file or enforce a claim against the estate (in administration, bankruptcy or any other proceeding) of any other person or persons;

(c)      Any defense based upon an election of remedies;



1

EXHIBIT 3

LAW OFFICES                                      @003

(d)     Diligence, demand, presentment for payment, notice of nonpayment, protest and notice of protest and, specifically, consent to waive notice of any renewals or extensions of this Note, whether made to or in favor of Borrower or any other person or persons;

(e)     Any right or claim or right to cause a marshalling of the assets of Guarantor;

(f)     Any lack of notice of disposition or of manner of disposition of any collateral;

(g)     Any deficiencies in the collateral or any deficiency in the ability of Lender to collect or to obtain performance from any persons or entities now or hereafter liable for the payment and performance of any obligation hereby guaranteed;

(h)     Any assertion or claim that the automatic stay provided by 11 U.S.C. §362 (arising upon the voluntary or involuntary bankruptcy proceeding of Borrower) or any other stay provided under any other Borrower relief law (whether statutory, common law, case law or otherwise) of any jurisdiction whatsoever, now or hereafter in effect, which may be or become applicable, shall operate or be interpreted to stay, interdict, condition, reduce or inhibit the ability of Lender to enforce any of its rights, whether now or hereafter required, which Lender may have against Guarantor;

(i)     Any modifications of this Agreement (or any other document relating to the obligation of Borrower) by operation of law or by action of any court, whether pursuant to the Bankruptcy Reform Act of 1978, as amended, or any other Borrower relief law (whether statutory, common law, case law or otherwise) of any jurisdiction whatsoever, now or hereafter in effect, or otherwise; and

(j)     Any right to require Lender to proceed against Borrower or any other person or to proceed against or exhaust any security held by Lender at any time or to pursue any other remedy in Lender's power or under any other agreement before proceeding against Guarantor hereunder.

Without limiting the generality of the foregoing or any other provision hereof, Guarantor expressly waive any and all benefits which might otherwise be available to Guarantor under California Civil Code Sections 2809, 2810, 2819, 2839, 2845, 2849, 2850, 2899 and 3433 and California Code of Civil Procedure Sections 580a, 580b, 580d and 726, or any of such sections.

In addition to all the other waivers agreed to and made by Guarantor as set forth in this Agreement, and pursuant to the provisions of California Civil Code Section 2856, Guarantor hereby waives all rights and defenses that Guarantor may have because any debt or the Obligation may be secured by real property. This means, among other things:

(1)     Lender may collect from Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower and may elect its remedies as against Guarantor or Borrower or both.

(2)     If Lender forecloses on any real property collateral pledged by Borrower:

(A)     The amount of the debt may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price.

(B)     Lender may collect from Guarantor even if the creditor, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from Borrower.

4.     **CONTINUING GUARANTY**.   It is the intention of Guarantor that this Agreement shall constitute a continuing guaranty of each and all of the Obligations of Borrower relating to the Loan and under the Loan Documents and any addendums or modifications thereto.

2

Sep 01 10 07:10p      Howard Abs[          8286505          p.20
08/06/10  FRI 10:27  FAX 213 J88 2846      LAW OFFICES

5.      **DEFAULT.** Any one or more of the following shall be a default hereunder:

a)      any default in payment or performance of any instrument, or any default under any Loan Document, the Deed of Trust (as described below), or of the Obligations hereby guaranteed;

b)      any warranty, representation, statement, or report made or delivered to Lender by Borrower, or Guarantor, is incorrect, false, untrue or misleading when given in any material respect whatever;

c)      Guarantor shall sell, transfer convey or in any manner alienate its interest in Borrower; or

d)      Guarantor becomes insolvent, or a petition is filed by Guarantor pursuant to any of the provisions of the Bankruptcy Code, 11 U.S.C. Sections 101 et seq., as amended, or any similar or successor statue or such a petition is filed against Guarantor and is not dismissed or vacated within thirty (30) days after the date of filing.

6.      **GUARANTOR'S DIRECT BENEFIT.** Guarantor hereby represent and warrant that it is in Guarantor's direct interest to assist Borrower because of Guarantor's position(s) in and economic relation(s) with Borrower.

7.      **ATTORNEY'S FEES.** In the event that suit be brought hereon by either Lender or Guarantor, or an attorney be employed or expenses be incurred to enforce the provisions of this Agreement, or any portion of the indebtedness evidenced hereby, the prevailing party shall be entitled to such attorneys' fees, costs and expenses of investigation, all as actually incurred as a result thereof.

8.      **SUCCESSORS AND ASSIGNS.** This Agreement shall bind the successors and assigns of Guarantor and shall inure to the benefit of Lender and its successors, assigns, affiliate, subsidiaries and related entities.

9.      **GOVERNING LAW.** This Agreement shall be governed by, and construed in accordance with the laws of the State of California.

10.     **SEVERABILITY.** In case any right of Lender herein shall be held to be invalid, illegal, or unenforceable, such invalidity, illegality and/or unenforceability, shall not affect any other right granted hereby.

11.     **NO LIMITATION ON LIABILITY.** Guarantor hereby consents and agrees that Lender may at any time and from time to time without further consent from Guarantor do any of the following events, and the liability of Guarantor under this Agreement shall be unconditional and absolute and shall in no way be impaired or limited by any of the following events, whether occurring with or without notice to Guarantor or with or without consideration: (i) any extensions of time for performance required by any of the Loan Documents or extension or renewal of the Note; (ii) any change in the composition of Borrower, including, without limitation, the withdrawal or removal of Guarantor from any current or future position of ownership, management or control of Borrower; (iii) the release of Borrower or of any other person or entity from performance or observance of any of the agreements, covenants, terms or conditions contained in any of the Loan Documents by operation of law, Lender's voluntary act or otherwise; (iv) the modification of the terms of any one or more of the Loan Documents; or (v) No such action which Lender shall take or fail to take in connection with the Loan Documents or any collateral for the Loan, nor any course of dealing with Borrower or any other person, shall limit, impair or release Guarantor's obligations hereunder, affect this Agreement in any way or afford Guarantor any recourse against Lender. Nothing contained in this Section shall be construed to require Lender to take or refrain from taking any action referred to herein.

12.     **SECURITY FOR OBLIGATIONS OF GUARANTOR.** The obligations of Guarantor under this Agreement are secured, among other things, by that certain Deed of Trust With Assignment of Rents of approximately even date herewith (the "Deed of Trust"), which Deed of Trust names Guarantor, as "Trustor," and Lender, as "Beneficiary." The Deed of Trust encumbers one or more parcels of real property owned or

3

controlled by Guarantor, which property is located in the City of Beverly Hills, County of Los Angeles, State of California, and which property is more particularly described in the Deed of Trust.  Said Deed of Trust contains various restrictions regarding the sale or transfer of the encumbered property (as set forth in detail in Section "C" of that document).

IN WITNESS WHEREOF, Guarantor has executed this Agreement as of the day and year first above written.

"Guarantor"


MASSOUD AARON YASHOUAFAR

# EXHIBIT 4

Sep 01 10 07:06p    Howard Ab
08/06/10  FRI 15:28 FAX 2...88 2848      LAW OFFICES                    8286505              p.3
⊘002



RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

Law Offices of Homan Taghdiri
660 South Figueroa Street, Suite 2400
Los Angeles, California 90017
Attention: Homan Taghdiri, Esq.

---

## DEED OF TRUST WITH ASSIGNMENT OF RENTS

This Deed of Trust And Assignment of Rents (this "Deed of Trust"), is made and entered into as of September 5, 2008, by and between MASSOUD YASHOUAFAR, an individual, as "Trustor," FIRST AMERICAN TITLE INSURANCE COMPANY a California Corporation, as "Trustee", and HOWARD ABSELET, an individual, as "Beneficiary".

### WITNESSETH:

That Trustor grants to Trustee in Trust with Power of Sale, that property in the City of Beverly Hills, County of Los Angeles, State of California, commonly known as 9439 Sunset Boulevard, Beverly Hills, California 90210, and described as:

> Lot 2 of Tract 17929, as per map recorded in Book 488, Pages 45 and 46 of Maps, in the Office of the County Recorder of said County.
> APN: 4350-002-009

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: (1) payment and performance of each and all of the obligations of Trustor under a guaranty of one or more loans made by Beneficiary (as lender) to Alliance Lending Group, Inc., as "Borrower" (which loan or loans have an outstanding principal balance of $5,500,000 as of the date hereof), and any and all extensions, amendments or renewals thereof, including, without limitation, the extension of additional credit or advancing of additional funds by Beneficiary to Borrower; and (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured.

A.     To protect the security of this Deed of Trust, and with respect to the property above described, Trustor agrees:

(1)     To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of the law; to cultivate, irrigate,

-1-

EXHIBIT 4                    37

Sep 01 10 07:06p      Howard Ab
08/06/10  FRI 16:29 FAX 2.  .88 2848      LAW OFFICES      8286505      p.5
@004

without affecting the personal liability or any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4)    That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5)    That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale  and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

-3-

5

(7)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor of successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8)    That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder , including pledgees, of the note secured hereby, whether or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9)    The Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obliged to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

C.    Trustor acknowledges that the transfer or further encumbrance of the Property which is encumbered by this Deed of Trust could significantly and materially alter, impair or reduce Beneficiary's security for the loan secured hereby.  Therefore, Trustor agrees not to "transfer" (as defined below) the Property, or any portion thereof, or any interest therein, without the prior written consent of Beneficiary which consent may be withheld, delayed or conditioned at the sole and absolute discretion of Beneficiary.  If any such consent to transfer should be given, the transferee by such transfer shall automatically become subject to and obligated by this Deed of Trust and any other documents evidencing or relating to the loan secured by this Deed of Trust and Trustor shall not in any way be released from any liability or from any of Trustor's obligations hereunder.  Consent to one such transfer shall not be deemed to be a waiver of the right to require consent to future or successive transfers.  As used herein in this Paragraph, "transfer" includes (i) the sale, option to sell, contract to sell, agreement to sell, installment sale (land-sale contract), transfer, assignment, pledge, gift or grant, conveyance or further encumbrance of the Property or any portion thereof, or any interest herein, whether voluntary or involuntary, by operation of law or otherwise, (ii) if Trustor is a corporation, LLC or partnership, the sale, option to sell, contract to sell, agreement to sell, transfer, assignment, pledge, gift or grant or conveyance in any 12 month period of 25% or more of the shares or ownership interests of the corporation, LLC or partnership, whether voluntary or involuntary, by operation of law or otherwise; or (iii) the lease or further leasing of any portion of the Property, other than the existing leases for their existing remaining terms, for more than five (5) years including option(s) and extension(s).

D.    Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

-4-

Sep 01 10 07:07p    Howard A___t
08/03/10  TUE 14:13 FAX ___ 688 2848        LAW OFFICES           31 8286505              p.7
                                                                                          ⊠006

E.    The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him or her at his or her address hereinbefore set forth.

"Trustor"

MASSOUD VASHOUAFAR, an individual

State of _California_

County of _Los Angeles_

On _April 28, 2007_ before me, _Wiesman Piran_, Notary public, personally appeared _Massoud Vashouafar_ who to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledges to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature _____

WIESMAN PIRAN
Commission # 1696308
Notary Public - California
Los Angeles County
My Comm. Expires Sep 24, 2010

-5-

Sep 01 10 07:06p    Howard Abs

06/03/10  TUE 14:13 FAX 213 688 2848        LAW OFFICES                    8286505                    p.2

                                                                                                      ☑001

**This page is part of your document - DO NOT DISCARD**



## 20090615669

Pages:
0006

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/28/09 AT 08:40AM**

| | |
|---|---|
| FEES: | 39.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 39.00 |



LEADSHEET



200904280020006

00000428889

002081061

SEQ:
01

DAR - Mail (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED

# EXHIBIT 5

Sep 01 10 07:07p      Howard Abs                                                      8286505                        p.8
   08/06/10   FRI 16:33 FAX 213 688 2848              LAW OFFICES                                              ☒001

## AMENDMENT TO LOAN DOCUMENTS

**THIS AMENDMENT TO LOAN DOCUMENTS** (this "Amendment") is made and entered into effective as of May 5, 2009, by and between **ALLIANCE LENDING GROUP, INC.**, a California corporation ("Borrower"), and **HOWARD L. ABSELET** (the "Lender"), whose address is 114 Pine Street, Port Jefferson Station, New York 11776.

### · R E C I T A L S ·

A.      Borrower and Lender are parties to that certain loan transaction (the "Loan") evidenced by the Promissory Note dated as of September 5, 2008 (the "Promissory Note"). In connection with the making of the Loan, Lender also received two Personal Guarantees, also dated as of September 5, 2008 (the "Guarantees") from SOLYMAN YASHOUAFAR, an individual, M. AARON YASHOUAFAR, an individual (collectively, the "Guarantors"). The Guaranty from M. AARON YASHOUAFAR is secured, among other things, by a Deed of Trust With Assignment of Rents which was recorded in the official records of Los Angeles County, California as Instrument Number 20090615669 (the "Deeds of Trust"). The Note, the Guarantees and the Deed of Trust are sometimes collectively referred to herein as the "Loan Documents".

B.      On or about May 5, 2009, Lender increased the amount of the Loan and advanced the additional sum of $500,000 to Borrower. As detailed below, Borrower and Lender have agreed to modify the Loan Documents to provide for an increase of the amount of the Loan, and the Guarantors have consented to such increase.

**NOW, THEREFORE**, in consideration of the foregoing recitals, the agreements of the parties as set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Borrower and Lender hereby agree as follows:

1.      Definitions.  Unless otherwise defined in this Amendment, capitalized and defined terms used in this Amendment shall have the same meaning as set forth in the Note, the Deed of Trust and in the Guarantees.  In the event of any discrepancy or inconsistency between the terms of this Amendment and the terms of the Loan Document, the terms of this Amendment shall govern.

2.      Modification.  The terms of the Loan Documents are hereby amended to indicate that, effective as of May 5, 2009, the amount of the Loan (covered by the Loan Documents) has increased to SIX MILLION DOLLARS (U.S. $6,000,000.00).

3.      Confirmation.  The parties hereby confirm that except as expressly modified by the terms set forth in Section 2, above, the Loan Documents are unmodified and in full force and effect as of the date of this Amendment.

4.      Authority.  Every person or entity signing this Amendment represent that he or she has the requisite power and authority to sign this Amendment and to bind the company or entity for which a signature is being provided, Additional, the parties represent and warrant to one another that each of the entities signing this Amendment has taken all actions necessary to authorize and ratify the transactions contemplated by this Amendment.

1

**EXHIBIT  5**

Sep 01 10 07:07p        Howard Ab                                              8286505                    p.9
08/06/10  FRI 16:34 FAX 213 688 2848            LAW OFFICES                                          ✏002

5. <u>Counterparts</u>.   This Amendment may be executed in counterparts, manually or electronically, each of which shall be an original, but all of which shall be deemed to be one and the same instrument.

**IN WITNESS WHEREOF,** the parties hereto have executed this Amendment as of the date first written above.

"Borrower"

**ALLIANCE LENDING GROUP, INC.,**
a California corporation

By:
M. Aaron Yashouafar
Its Chief Executive Officer
and duly authorized signatory

Address: 660 S. Figueroa Street, 24th Floor
Los Angeles, California 90017

<u>**CONSENT OF GUARANTORS TO**</u>
<u>**AMENDMENT TO LOAN DOCUMENTS**</u>

Each of the undersigned individuals, gives his consent to the modification of the terms of the Loan Documents as contemplated by this Amendment to Loan Documents:

"Guarantor"

SOLYMAN YASHOUAFAR

M. AARON YASHOUAFAR

2

43

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV11- 815 JFW (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Mark A. Neubauer (73728)
Michael Jones (244320)
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Tel. 310-734-3200  Fax 310-734-3300
Attorneys for Plaintiff Howard L. Abselet

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard L. Abselet, an individual <br><br> PLAINTIFF(S) <br><br> V. <br><br> ALLIANCE LENDING GROUP, INC., a California corporation; SOLYMAN YASHOUAFAR, an individual; MASSOUD AARON YASHOUAFAR, an individual, HAMID JOSEPH NOURMAND, an individual, MALIBU RECONVEYANCE, LLC, a California limited liability company, VAN NUYS PLYWOOD, LLC, a California limited liability company, SODA PARTNERS, LLC, a California limited liability company, and DOES 1-10, inclusive <br><br> DEFENDANT(S) | CASE NUMBER <br><br> CV 11 00815-JFW(JEMx) <br><br><br> SUMMONS |

TO:DEFENDANT(S): <u>ALLIANCE LENDING GROUP, INC., a California corporation; SOLYMAN YASHOUAFAR, an individual; MASSOUD AARON YASHOUAFAR, an individual, HAMID JOSEPH NOURMAND, an individual, MALIBU RECONVEYANCE, LLC, a California limited liability company, VAN NUYS PLYWOOD, LLC, a California limited liability company, SODA PARTNERS, LLC, a California limited liability company, and DOES 1-10, inclusive</u>

    A lawsuit has been filed against you.

    Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Mark A. Neubauer, Esq.</u>, whose address is <u>Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    JAN 27 2011

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                 **SUMMONS**

American LegalNet, Inc.
www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| HOWARD L. ABSELET, an individual | ALLIANCE LENDING GROUP, INC., a California corporation; SOLYMAN YASHOUAFAR, an individual; MASSOUD AARON YASHOUAFAR, an individual, HAMID JOSEPH NOURMAND, an individual, MALIBU RECONVEYANCE, LLC, a California limited liability company, VAN NUYS PLYWOOD, LLC, a California limited liability company, SODA PARTNERS, LLC, a California limited liability company, and DOES 1-10, inclusive |

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Mark A. Neubauer (73728), Michael Jones (244320)
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Tel: 310-734-3200; Fax 310-734-3300

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No **☒ MONEY DEMANDED IN COMPLAINT: $** 6,000,000.00 plus int. and late fees

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332 and 1391(a); Complaint for breach of contract; enforcement of personal guaranty; money had and received; monies loaned; fraud; wrongful disclosure, et al.

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☒ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **CV11 00815**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Suffolk County, New York State |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_ Date January 26, 2011
Mark A. Neubauer

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08) **CIVIL COVER SHEET** Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com