MARK A. NEUBAUER (SBN 73728)
REBECCA EDELSON (SBN 150464)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone: (310) 734-3200
Facsimile:(310) 734-3300
Email:   mneubauer@steptoe.com
Email:   redelson@steptoe.com

Attorneys for Plaintiff
HOWARD L. ABSELET

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD L. ABSELET, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCE LENDING GROUP, INC., a California corporation; SOLYMAN YASHOUAFAR, an individual; MASSOUD AARON YASHOUAFAR, an individual, HAMID JOSEPH NOURMAND, an individual, MALIBU RECONVEYANCE, LLC, a California limited liability company, VAN NUYS PLYWOOD, LLC, a California limited liability company, SODA PARTNERS, LLC, a California limited liability company, and DOES 1-10, inclusive<br><br>Defendants.<br>AND RELATED CROSS-CLAIMS. | Case No.: CV11-00815 JFW (JEMx)<br>Assigned to Hon. John F. Walter<br><br>**AMENDED JUDGMENT**<br><br>Complaint Filed: 1/27/11<br>Pretrial Conf. Date:1/27/12, 2/10/12<br>Trial Date:       Vacated |

Plaintiff Howard L. Abselet ("Abselet") having filed his operative Second Amended Complaint against Defendants Hamid Joseph Nourmand ("Nourmand"), Alliance Lending Group, Inc. ("Alliance"), Solyman Yashouafar ("S-Yashouafar") and Massoud Aaron Yashouafar ("M-Yashouafar"), Malibu Reconveyance, LLC ("Malibu"), Van Nuys Plywood, LLC ("Van Nuys"), and Soda Partners, LLC ("Soda"), Malibu and Van Nuys having filed Cross-Complaints against one another, and Malibu having filed a Third Party Complaint against Third Party Defendant LPS Agency Sales and Posting("LPS"),  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

**Plaintiff's Claims:**

The following of Plaintiff Abselet's Claims were by stipulation dismissed without prejudice against Alliance, S-Yashouafar and M-Yashouafar (collectively, the "Borrower Defendants"):

    <u>Claim 1</u>:  Breach of Contract.

    <u>Claim 2</u>:  Enforcement of Personal Guaranty.

    <u>Claim 3</u>:  Money Had and Received.

    <u>Claim 4</u>:  Money Loaned.

    <u>Claim 8</u>:  Negligent Misrepresentation.

The following of Plaintiff Abselet's Claims were by stipulation dismissed without prejudice against Malibu:

    <u>Claim 6</u>:  Wrongful Foreclosure.

    <u>Claim 7</u>:  Declaratory Relief.

    <u>Claim 9</u>:  Negligence.

The following of Plaintiff Abselet's Claims were by stipulation dismissed with prejudice against Nourmand:

    <u>Claim 5</u>:  Fraud.

    <u>Claim 8</u>:  Negligent Misrepresentation.

    <u>Claim 10</u>:  Breach of Fiduciary Duty.

1         <u>Claim 11</u>:  Professional Negligence.

2     The following of Plaintiff Abselet's Claims were adjudicated against

3 Plaintiff Abselet pursuant to Van Nuys' and Soda's motions for summary

4 judgment:

5         <u>Claim 6</u>:  Wrongful Foreclosure.

6         <u>Claim 7</u>:  Declaratory Relief.

7     The following of Plaintiff Abselet's Claims were dismissed as moot:

8         <u>Claim 12</u>:  Judicial Foreclosure.

9     Based on the stipulation of Plaintiff Abselet, Nourmand and the Borrower

10 Defendants, Plaintiff Abselet is the prevailing party as against the Borrower

11 Defendants, and the Borrower Defendants shall pay Abselet $450,000.00 (four

12 hundred fifty thousand dollars) as costs and attorneys' fees provided that if any of

13 the Borrower Defendants defaults on any of their obligations to Plaintiff Abselet

14 under the terms of their Settlement Agreement with him, that amount shall increase

15 to $800,000.00 (eight hundred thousand dollars).

16     Plaintiff Abselet shall take nothing else by way of his Second Amended

17 Complaint, however the Court shall retain jurisdiction to enforce the terms of the

18 Settlement Agreement between Abselet, Nourmand, and the Borrower Defendants

19 and the Court shall reopen this action for that purpose.

20     Nourmand, the Borrower Defendants, and Malibu have waived any rights to

21 appeal this judgment.  However, Plaintiff Abselet reserves rights to appeal the

22 judgment as to Van Nuys and Soda.

23     **<u>Malibu's and Van Nuys' Cross-Claims:</u>**

24     Malibu's and Van Nuys' Cross-Claims against one another were by

25 stipulation dismissed without prejudice.

26     Malibu and Van Nuys shall take nothing by way of their Cross-Complaints

27 against one another.

28

**Malibu's Third Party Claims Against LPS:**

Malibu's Third Party Complaint against LPS was by stipulation dismissed without prejudice.

Malibu shall take nothing by way of its Third Party Complaint against LPS.

**SO ORDERED.**

Dated:  June 27, 2012

_____
JOHN F. WALTER
UNITED STATES DISTRICT COURT JUDGE