Andrew F. Kim (SBN 156533)
*akim@afklaw.com*
Law Office of Andrew F. Kim, Esq. P.C.
9018 Balboa Boulevard, Suite 552
Northridge, CA 91325
Telephone: (818) 216-5288
Facsimile:  (818) 993-3012

Attorneys for Plaintiff and Judgment
Creditor HOWARD L. ABSELET

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **HOWARD L. ABSELET,** | Case No. CV-11-00815 JFW (JEMx) |
| **Plaintiff and Judgment Creditor,** | **Hon. John F. Walter**<br>**United States District Court Judge**<br>**Courtroom: 16** |
| vs. | |
| **ALLIANCE LENDING GROUP, INC.**, a California corporation; **SOLYMAN YASHOUAFAR**, an individual, **MASSOUD AARON YASHOUAFAR**, an individual, | **PROTECTIVE ORDER PURSUANT TO STIPULATION** |
| **Defendants**. | |

STIPULATED PROTECTIVE ORDER

1 Pursuant to the Stipulation for Entry of Protective Order, and there being good cause, IT IS ORDERED THAT:

Section 1. <u>DISCOVERY INFORMATION DEFINED.</u> This Protective Order shall govern all Discovery Information produced or disclosed during this action (this "Action"), either by the parties to this Action (the "Parties") or by non-parties, as follows: "Discovery Information" is defined as documents, data, electronically stored information ("ESI"), answers to interrogatories, answers to deposition questions, responses to requests for admission, and such other materials and information as may be provided among the parties and from third persons.

Section 2. <u>CONFIDENTIAL DISCOVERY INFORMATION.</u>

A person may designate as "Confidential" any Discovery Information it produces or discloses or permits to be disclosed which it has determined in good faith consists of business banking information, information regarding pending sales or acquisition of business assets, or proprietary trade secrets, confidential research, and personal or corporate financial information.

Except with the prior written consent of the party or the person asserting such Confidential treatment or the prior Order of a Court, Discovery Information designated Confidential and the information contained therein may not be disclosed to any person other than:

1) The Parties;

2) The Court and court personnel in which this case is pending;

3) Counsel of record for the respective parties to the Action;

4) Counsel of record for the respective parties to the Action in any other action, litigation or adjudicative process between or involving the Parties in whatever forum

5) Employees and service vendors of such counsel (including outside copying and litigation support services) who are actively assisting such

counsel in the preparation of the Action;

6) Court reporters, if incident to their taking of testimony in the Action;

7) Officers, directors, employees, agents and representatives of the parties; and

8) Experts, investigators or consultants assisting in the prosecution and/or defense of the Action.

Section 3.   USE OF CONFIDENTIAL DISCOVERY INFORMATION.

(a) No person receiving Confidential Discovery Information shall disclose it or its contents to any person other than in accordance with Section 2 above, and then may disclose such Discovery Information only for the purposes of the Action, and in no event shall such person make any other use of such Discovery Information. In the case of disclosure to the persons described in Section 2, subsections (6) and (7), each such person shall be required to sign an Certification, a form of which is attached hereto as Exhibit "1", verifying that they have read and understood this Agreed Protective Order, and that they agree to comply with and be bound by its terms and be subject to the jurisdiction and contempt powers of this Court for breach of the Agreed Protective Order. The attorneys for the respective litigants shall maintain a file of written Certifications, executed by each such person and shall further maintain records of the identification of all persons who receive part or all of the protected information in any form whatsoever. Such file of written Certifications shall not be made available to the adverse litigants or their attorneys, except upon a showing of good cause made upon suitable application to the Court. Efforts to learn the identity of nontestimonial consultants whose identities are protected under Fed. R. Civ. P. 26(b)(4)(B) shall not constitute "good cause" under this section.

(b) All Discovery Information designated and marked Confidential shall be kept under the custody and control of the counsel of record herein.

(c) If the contents of a document marked Confidential are incorporated into

any other document or exhibit, such additional document or exhibit shall be treated in the same manner as the Confidential information, as provided herein.

Section 4: <u>METHOD OF MARKING.</u> Discovery Information produced or disclosed herein shall be designated as Confidential in the following manner: All documents which a producing party wishes to designate as Confidential shall be clearly stamped or otherwise marked on at least the first page thereof (if the same can be done without interfering with the legibility thereof and, if not, on the first such page permitting) with the word "CONFIDENTIAL."

Documents shall be marked before copies of the Document are made and provided to the requesting party. Documents need not be marked prior to inspection. This Section is subject to Section 8, dealing with inadvertent disclosure. Testimony may be designated as Confidential either by oral statement on the record or by a separate written notice giving page and line references within thirty (30) days of receipt of the transcript that the testimony is Confidential.

Section 5. <u>REMOVAL OF CONFIDENTIAL DESIGNATION.</u> If, at any time, a party objects to the designation of information or documents as Confidential under this Protective Order, the objecting party shall notify the designating party in writing. The objecting party shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within thirty (30) calendar days of the receipt of such notice, the designating party and objecting party shall meet and confer in an effort to resolve their differences. Within forty-five (45) calendar days of the receipt of such notice, the objecting party may apply for a ruling on the continued designation of the information as "Confidential Information." The information or document shall be maintained as "Confidential Information" until the Court rules otherwise.

Section 6. <u>PRIVILEGED DOCUMENTS.</u> This Agreed Protective Order shall not alter the attorney/client privilege or any other legal privilege that protects against

the discovery of confidential, proprietary or sensitive information appropriate for protective order.

Section 7. <u>INADVERTENT DISCLOSURE.</u> In the event of inadvertent production or disclosure of any Discovery Information which was privileged or which the producing party believes should have been marked Confidential, the producing party may, upon discovery of such inadvertent disclosure or production, request the return of the privileged material and destruction of any copies privileged material, and marking of any such Discovery Information as Confidential and thereafter such Discovery Information and all copies thereof shall be subject to the provisions of this Protective Order respecting the treatment of Confidential Discovery Information. The procedure set forth in Section 5 governs any objection of the non-producing party to producing party's request to mark any such Discovery Information as Confidential.

Section 8. <u>OBJECTIONS AND RIGHTS RESERVED.</u> This Protective Order shall not prejudice the right of or prevent any party from:

Objecting to the offer or introduction of any Discovery Information into evidence on any ground at the time such Discovery Information is offered; or

Seeking additional protection from the Court concerning any Discovery Information.

Section 9. <u>MODIFICATION.</u> Any party may apply to the Court following reasonable efforts to reach agreement with the other party, on reasonable notice to the other parties, for relief or modification of any provision of this Protective Order.

Section 10. <u>RETURN OR DESTRUCTION OF CONFIDENTIAL INFORMATION.</u> Within thirty (30) calendar days of final termination of this action, a party which has received Discovery Information designated as Confidential must, upon request of the producing party, either (a) return the Confidential

information, including any copies, to the producing party; or (b) certify the destruction of same as directed by the party and/or counsel of record for the producing party, including any copies. Each party, however, shall be permitted to retain copies of court filings containing such documents, deposition transcripts and its entire respective work product, which shall continue to be subject to the provisions of this Protective Order.

Section 11. <u>SUBPOENA FROM NON-PARTY.</u> If a party in possession of Discovery Information designated Confidential obtained from a party receives a subpoena from a non-party to this action seeking production or other disclosure of such information, it shall immediately give written notice to the party that designated the material as Confidential, specifying the Discovery Information sought and enclosing a copy of the subpoena or other form of compulsory process. Production or disclosure of such Discovery Information shall not be made absent consent of the producing party or Court order.

Section 12. <u>FILING CONFIDENTIAL DISCOVERY INFORMATION. Pursuant to Central District Local Rule 79-5.1, if Confidential Discovery Information is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers – or the confidential portion thereof – under seal. The application shall be filed pursuant to the procedures set forth in Local Rule 79-5.1 and shall be directed to the Court to whom the papers are directed. Pending the ruling on the application, the Confidential Discovery Information filed with the Court and subject to the sealing application shall be lodged under seal.</u>

DATED: August 27, 2015

_____
Hon. John E. McDermott
UNITED STATES MAGISTRATE JUDGE
OF THE DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

# CERTIFICATION

I, _____, hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation Re Protective Order and Order Thereon ("Order") filed on August __, 2015, in the case entitled *Abselet v. Solyman Yashouafar, et al,* United States District Court Case No. 11 CV 000815 (JTW) (JEMx) (the "Action").

I have been given a copy of that Order, and I read and understand it. I agree to be bound by all of its terms and conditions. I further understand that a violation of any of the terms of the Order may be considered an act in contempt of Court and may be punishable as such.

Upon the final determination of this Action, whether by judgment, settlement or otherwise, I will, at the request of the counsel of record who provided me with such information, return to that counsel of record all documents and things containing confidential information, and all copies, summaries and abstracts thereof, that have been delivered to me by such counsel of record, as well as all copies, summaries and abstracts thereof made after such delivery to me.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ____day of_____, 2015, at _____.

By: _____

PRINT NAME

Address:  _____

Phone:  _____

STIPULATED PROTECTIVE ORDER