Henry S. David (SBN 89297)
hdavid@davidfirm.com
THE DAVID FIRM®
617 W. 7th St., Suite 702
Los Angeles, CA 90017
Telephone:   (213) 550-4020
Facsimile:   (213) 550-4010

Andrew F. Kim (SBN 156533)
akim@afklaw.com
Law Office of Andrew F. Kim, Esq. P.C.
9018 Balboa Boulevard, Suite 552
Northridge, CA 91325
Telephone:   (818) 216-5288
Facsimile:   (818) 993-3012

Attorneys for Plaintiff and Judgment
Creditor HOWARD L. ABSELET

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HOWARD L. ABSELET,<br><br>            Plaintiff,<br><br>      vs.<br><br>ALLIANCE LENDING GROUP, INC., a California corporation; et al.,<br><br>            Defendants. | Case No. 2:11-cv-00815 JFW (JEMx)<br>[Related Cases: 2:15-cv-7625 JFW (JEMx); 2:15-cv-8570 JFW (JEMx); 2:16-cv-06263-JFW (JEMx)]<br><br>Courtroom: 16<br>Hon. John F. Walter<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY PLAINTIFF/ JUDGMENT CREDITOR HOWARD L. ABSELET FOR ORDER HOLDING HALEH FATHI AND LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.IN CONTEMPT**<br><br>Date:    November 28, 2016<br>Time:   1:30 p.m.<br>Place:   Courtroom 16<br>Filed concurrently:<br>— Notice of Motion and Motion for Order re Contempt<br>— Declarations of Israel Abselet, Diane M. Conniff, Henry S. David, and Andrew F. Kim<br>— Request for Judicial Notice<br>Lodged concurrently:<br>— [Proposed] Order Re Contempt |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................1

II.  STATEMENT OF FACTS ......................................................................3

   A.   Ms. Fathi, a Former Accountant for ECP Building and ECPLP,
Exercises Dominion and Control Over ECP Building's and
ECPLP's Property, Including Their Files, Books, and Records ............3

   B.   Plaintiff Acquires 100% of ECP Building, the Sole General
Partner of ECPLP, and Changed ECP Building's Management ...........5

   C.   ECP Building Demands Documents from LNBYB, Former
Counsel for ECPLP ...................................................................5

   D.   This Court Enjoins Ms. Fathi from Exercising Her Dominion and
Control Over ECP Building's and ECPLP's Files, Books, and
Records; and Orders LNBYB to Immediately Turn Over to ECP
Building All Documents Relating to ECP Building and ECPLP,
and its ECPLP and ECP Building Files, Books, and Records ...............6

   E.   Plaintiff Serves Ms. Fathi with the Injunction, but Ms. Fathi Fails
to Comply with the Injunction by Exercising Her Dominion and
Control Over ECP Building's and ECPLP's Files ................................8

   F.   LNBYB Fails to Comply with This Court's Orders, by Only
Partially Turning Over its ECPLP and ECP Building Documents .........9

   G.   Plaintiff and LNBYB Unsuccessfully Meet-and-Confer about
LNBYB's Incomplete Turnover .................................................9

   H.   Involuntary Bankruptcies Are Filed Against Each of the Judgment
Debtors ...............................................................................10

   I.   Plaintiff's Costs and Fees in Connection with This Application ..........10

III. ARGUMENT......................................................................................11

   A.   The Judgment Debtors' Respective Personal Bankruptcies Do Not
Stay This Application..............................................................11

      1.   This Application Is Not Against the Judgment Debtors or
Their Property .................................................................11

      2.   The Automatic Stay Does Not Affect This Application for
Contempt for Violation of an Order Issued Before the
Automatic Stay Went into Effect.........................................11

i

B.   This Court May Issue an Order to Show Cause Re Contempt for Ms. Fathi's and LNBYB's Respective Failures to Comply with this Court's Orders ............................................................... 12

C.   Standards for Order to Show Cause Re Contempt ................................ 12

D.   Plaintiff Has Met the Elements for an Issuance of an Order to Show Cause Re Contempt as to Ms. Fathi ........................................... 13

    1.   Ms. Fathi Had Notice of this Court's Injunction ....................... 13

    2.   Ms. Fathi Violated the Injunction by Exercising Her Dominion and Control Over the Assets of ECP Building and ECPLP; She Did Not Substantially Comply with the Court's Orders; Her Violation of the Injunction Was Not Based on a Good Faith and Reasonable Interpretation of the Injunction ................................................................. 13

E.   Plaintiff Has Met the Elements for an Issuance of an Order to Show Cause Re Contempt as to LNBYB ............................................... 14

    1.   LNBYB Had Notice of this Court's Orders ............................... 14

    2.   LNBYB Violated this Court's Orders by Failing to Turn Over to ECP Building "*All* Documents" Related to ECP Building and ECPLP ................................................................. 15

    3.   LNBYB Did Not Substantially Comply with the Injunction ..... 18

    4.   LNBYB's Failure to Comply with the Injunction was Not Based on a Good Faith and Reasonable Interpretation of the Injunction ................................................................. 20

F.   Sanctions Are Appropriate to Coerce Ms. Fathi's and LNBYB's Respective Compliance and to Compensate Plaintiff for His Injuries from Ms. Fathi's and LNBYB's Respective Contempt .......... 22

G.   The Court Should Order Ms. Fathi and LNBYB to Comply with the Court's Orders by Turning Over All of ECP Building's and ECPLP's Documents, Including but Not Limited to Any Withheld Alleged Work Product ............................................................... 23

IV.   CONCLUSION ............................................................................. 23

MEMO OF P'S AND A'S I/S/O PLAINTIFF'S MOTION FOR ORDER RE CONTEMPT

# TABLE OF AUTHORITIES

***Cases***

Chambers v. NASCO, Inc.,
    501 U.S. 32 (1991) ...............................................................................12

David v. Hooker, Ltd.,
    560 F. 2d 412 (9th Cir. 1977) ..............................................................12

F.T.C. v. Affordable Media,
    179 F. 3d 1228 (9th Cir. 1999) ............................................................13

Frankl v. HTH Corp.,
    832 F. Supp. 2d 1179 (D. Haw. 2011). ...............................................19

Frontier Refining, Inc. v. Gorman-Rupp, Inc.,
    136 F.3d 695 (10th Cir. 1998) .......................................................16, 18

Gompers v. Buck Stove & Range Co.,
    221 U.S. 418 (1911) .............................................................................13

Gottlieb v. Wiles,
    143 F.R.D. 241 (D. Colo. 1992) .....................................................17, 21

In re Deepwater Horizon,
    793 F. 2d 479 (5th Cir. 2015) ..............................................................21

Institute of Cetacean Research v. Sea Shepherd Conservation Society,
    774 F.3d 935 (9th Cir. 2014) .........................................................22, 23

Kallen v. Delug,
    157 Cal. App. 3d 940 (1984) ...............................................................18

Kukui Gardens Corp. v. Holco Capital Group, Inc.,
    675 F. Supp. 2d 1016 (D. Hawaii 2009) ........................................11,12

Local 28 of Sheet Metal Workers' Intern. Ass'n v. E.E.O.C.,
    478 U.S. 421 (1986) .............................................................................23

Martin v. Valley Nat. Bank of Arizona,
    140 F.R.D. 291 (S.D.N.Y. 1991) ....................................................17, 21

Roberts v. Heim,
    123 F.R.D. 614 (N.D. Cal. 1988) ...................................................17, 21

Rook v. Rook (In re Rook),
    102 B.R. 490 (Bankr. E.D. Va. 1989) ..................................................12

Shillitani v. U.S.,
    384 U.S. 364 (1966) .............................................................................12

Spallone v. U.S.,
    493 U.S. 265 (1990) .............................................................................12

Spivey v. Zant,
        683 F.2d 881 (5th Cir. 1982) ...................................................17, 21

United Coal Cos. v. Powell Constr. Co.,
        839 F.2d 958 (3d Cir. 1988) ..................................................16, 18

US Sprint Commc'ns Co. v. Buscher,
        89 B.R. 154 (D. Kan. 1988)..........................................................12

Young v. U.S. ex rel. Vuitton et Fils S.A.,
        481 U.S. 787 (1987) ......................................................................13

**_Statutes_**

11 U.S.C.A. § 362 ...............................................................................10

**_Rules_**

Fed. R. Civ. P. 26(b)(3) ......................................................................17

Fed. R. Civ. P. 26(b)(3)(A)................................................................15

**_Treatises_**

Restatement (Third) of Law Governing Lawyers § 46(2) (2000) ............................17

MEMO OF P'S AND A'S I/S/O PLAINTIFF'S MOTION FOR ORDER RE CONTEMPT

# I.

## __INTRODUCTION__

This Motion arises from the failure of Haleh (Holly) Fathi ("Ms. Fathi"), and a law firm, Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), to comply with this Court's orders.  As shown below, Ms. Fathi and LNBYB have failed to comply with this Court's

(A)     Ruling at the hearing on May 23, 2016 (the "Ruling"), ordering the representatives, agents, employees, and co-conspirators of Massoud Aaron Yashouafar and Solomon Yashouafar (together, the "Judgment Debtors"), including LNBYB, to turn over to ECP Building, Inc. ("ECP Building") "**all** documents" in their possession related to Encino Corporate Plaza, L.P. ("ECPLP") or ECPLP's general partner, ECP Building; and

(B)     This Court's injunction entered on May 26, 2016 (the "Injunction," and together with the Ruling, this "Court's Orders"),

  (1) Enjoining the Judgment Debtors, their representatives, agents, employees, and co-conspirators (explicitly including Ms. Fathi) from interfering with the Court's orders that

    (a) Plaintiff is the sole shareholder of ECP Building; and

    (b) ECP Building is the sole general partner of ECPLP, including but not limited to purporting to act on behalf of ECP Building and/or ECPLP, or exercising dominion and control over the assets (including their physical files and electronic files, books, and records) of ECP Building and/or ECPLP; and

(2)     Ordering LNBYB to "immediately, and by no later than June 2, 2016, turn over to ECP Building **all** of ECP Building's and ECPLP's physical and electronic files, books and records."

(Emphases added).

Despite this Court's Orders, Ms. Fathi has exercised dominion and control over ECP Building's and ECPLP's files (including essential tax returns), in clear violation of the Court's Orders.  Further, despite this Court's Orders, LNBYB has withheld (at least) 200 documents, and has repeatedly refused to turn them over to ECP Building.

The Court's Orders were clear.  Ms. Fathi has failed to even *attempt* to justify her violation of this Court's Orders.  LNBYB attempts to justify its withholding of documents by asserting that the work product that LNBYB generated for ECPLP and ECP Building is not part of the "client's files," and hence not subject to be turned over under applicable Rules of Professional Conduct.  As the cases discussed below clearly hold (and which LNBYB declined to discuss during the meet-and-confer process), LNBYB simply is wrong.  While LNBYB may "own" the work product "privilege[1]" as against an adverse party, work product nonetheless must be turned over to the client (here, ECPLP, through its general partner ECP Building) on request.

As this Court aptly noted at the May 23, 2016 hearing, ECP Building and ECPLP need access to their own documents for a multitude of reasons.  ECPLP and ECP Building first requested their files on March 31, 2016; on May 23, 2016 and May 26, 2016, the Court ordered the turn over all of their files; it is now October 2016—and ECPLP and ECP Building still do not have all of those files.  These files are critical to operate ECP Building and ECPLP, to sell ECPLP's real property, and to prepare ECP Building's and ECPLP's respective tax returns.

---

[1]     Technically, the work product immunity is not a "privilege," but an immunity from discovery.  <u>United Coal Companies v. Powell Const. Co.</u>, 839 F.2d 958, 966 (3d Cir. 1988).  Nonetheless, many parties and courts refer to it as a "privilege."

Plaintiff and Judgment Creditor Howard L. Abselet ("Plaintiff"), as the sole shareholder of ECP Building, which is the sole member of ECPLP, therefore seeks an Order

(A)     Holding Ms. Fathi and LNBYB in contempt for their violation of this Court's Orders;

(B)     That Ms. Fathi turn over all assets (including physical and electronic files, books, and records) of ECP Building and ECPLP in her possession to Plaintiff;

(C)     That LNBYB turn over to ECP Building the documents that LNBYB has improperly withheld as "work product;" and

(D)     Awarding sanctions against each of Ms. Fathi and LNBYB, including but not limited to an award of the attorney's fees and costs that Plaintiff incurred due to Ms. Fathi's and LNBYB's respective contumacious conduct.

## II.

## STATEMENT OF FACTS

**A.     Ms. Fathi, a Former Accountant for ECP Building and ECPLP, Exercises Dominion and Control Over ECP Building's and ECPLP's Property, Including Their Files, Books, and Records**

Ms. Fathi was previously employed by one of the Judgment Debtors' companies, until the Judgment Debtors purported to transfer their stock to their respective sons.[2]  Per ECP Building's and ECPLP's accounting firm from 2006 to 2010, Ms. Fathi took over and performed tax work for ECP Building and ECPLP "in-house" after 2010.[3]

---

[2]     Declaration of Henry S. David ("David Decl.), ¶ 10, Ex. 17 (08/26/2015 Deposition of Solyman Yashouafar, 73:3 – 74:15).

[3]     Id., ¶ 30, Ex. 25.

Then, after (another Yashouafar entity) Whiterock Realty Solutions, Inc. ("Whiterock") took over as property manager, Ms. Fathi, as an employee of Hudson Labor Solutions, Inc. (yet another Yashouafar entity), rendered non-employee services on behalf of Whiterock—including accounting services for ECP Building and ECPLP—as of Whiterock's formation in 2013 until at least 2015.[4]  During that time, Ms. Fathi used an email with the "@Whiterockrs.com" domain name, has identified herself as its "Controller," and assisted Lew Landau, counsel for ECPLP, in gathering ECP Building and ECPLP documents for bankruptcy filings.[5]

Indeed, the Yashouafars have testified that, among other things, that

(A)     Ms. Fathi did the accounting for ECPLP;

(B)     Ms. Fathi kept the accounting records for ECP Building; and

(C)     Raymond Yashouafar, as the person most knowledgeable for ECP Building and ECPLP, gave Ms. Fathi his deposition subpoena with the attached Requests for Production of Documents, and asked her to look for responsive documents, including ECPLP's and ECP Building's bank records and statements, emails, and company files.[6]

---

[4]      David Decl., ¶¶ 9, 11, Ex. 16 (08/25/2015 Deposition of Massoud Aaron Yashouafar, 71:8-12), Ex. 18 (08/27/2015 Deposition of Raymond Yashouafar, 52:3-23); Declaration of Andrew F. Kim ("Kim Decl."), ¶ 15, Ex. 30 (05/04/2016 Deposition of Raymond Yashouafar, 64:22 – 66:5).

[5]      David Decl., ¶ 32, Ex. 26.

[6]      David Decl., ¶ 11, Ex. 18 (08/27/2015 Deposition of Raymond Yashouafar, 39:8-16, 52:11 – 53:2, 85:2-9, 90:24 – 91:5; 91:9 – 92:6, 178:13 – 179:1).

**B.**    <u>Plaintiff Acquires 100% of ECP Building, the Sole General Partner of ECPLP, and Changed ECP Building's Management</u>

In April 2015, Plaintiff acquired all of the stock of ECP Building, the general partner of ECPLP.[7] LNBYB represented ECPLP as its general bankruptcy counsel, until January 4, 2016.[8]

Based on his 100% ownership of the stock in ECP Building, Plaintiff elected his brother, Israel Abselet ("Israel"), as the sole director of ECP Building.[9]  Israel, in turn, appointed himself as ECP Building's President.[10]

**C.**    <u>ECP Building Demands Documents from LNBYB, Former Counsel for ECPLP</u>

From at least April 2011 (when ECPLP filed for bankruptcy), until January 4, 2016, LNBYB represented ECPLP in connection with its bankruptcy.[11]

On March 31, 2016, ECP Building therefore demanded that its former counsel, LNBYB, provide it "access to and/or a copy of the entire file, both physical and electronic files (such as emails), as to which ECPLP was [LNBYB's] client."[12] LNBYB declined to comply without a court order.[13]

---

[7]    Id., ¶ 12, Ex. 19.  On March 14, 2016, in a related action, this Court issued an order granting Plaintiff's motion for partial summary judgment that Plaintiff is the 100% owner of the stock of ECP Building, and that ECP Building is the general partner of ECPLP.  Request for Judicial Notice ("RfJN"), Ex. 3 (Dkt. 73 in Case No. 2:15-cv-07625-JFW-JEM for the United States District Court for the Central District of California.)

[8]    RfJN, Exs. 1, 2 (Dkts. 1, 271, respectively, in Case No. 1:11-bk-14917-GM for the United States Bankruptcy Court for the Central District of California ["ECPLP Bankruptcy I"].)

[9]    Declaration of Israel Abselet ["Abselet Decl."], ¶ 2.

[10]    Id., ¶ 3, Ex. 11.

[11]    RfJN, Exs. 1, 2 (Dkts. 1, 271, respectively, in ECPLP Bankruptcy I.)

[12]    David Decl., ¶ 14, Ex. 20.

[13]    Id., ¶¶ 15, 16, Ex. 21.

**D.      This Court Enjoins Ms. Fathi from Exercising Her Dominion and Control Over ECP Building's and ECPLP's Files, Books, and Records; and Orders LNBYB to Immediately Turn Over to ECP Building All Documents Relating to ECP Building and ECPLP, and its ECPLP and ECP Building Files, Books, and Records**

Therefore, on April 22, 2016, Plaintiff filed a motion for injunction (the "Motion for Injunction"), seeking, among other things, an order that various sources turn over all documents and files belonging to ECPLP and ECP Building, including those in Ms. Fathi's and LNBYB's possession.[14]  In connection with the Motion for Injunction, on May 2, 2016, LNBYB filed a "Statement of Position by Third Party as to Plaintiff's Injunction" (the "Statement of Position").[15]  Notably, LNBYB did not assert that any of the requested documents constituted its work product, or that it would withhold such documents even if the Court ordered turnover of the requested documents.[16]

On May 23, 2016, this Court heard oral argument on Plaintiff's Motion for Injunction.[17]  LNBYB appeared at the hearing through its in-house counsel, Beth Anne R. Young ("Ms. Young").[18]  At the hearing, Ms. Young presented Plaintiff's counsel and this Court with a two-part, one hundred and fifty-page privilege log.[19]  Notably, LNBYB said that it had no objection to turning over its documents if the Court so ordered, and if the resultant order provided that LNBYB would not be liable for complying with the Court's order and that such turnover would not be a waiver of

---

[14]     Dkt. 706.
[15]     Dkt. 714.
[16]     Id.
[17]     Kim Decl., ¶ 6.
[18]     Dkt. 728; Kim Decl. ¶ 7; RfJN, Ex. 5 (Trans. of May 23, 2016 Hrg., 3:7, 13-15).
[19]     Kim Decl., ¶ 8, Ex. 27.

privilege.[20]  Plaintiff had no objection to the "no liability" and "no waiver" provisions
LNBYB requested.[21]

At the hearing, after considering LNBYB's concerns regarding the attorney-
client privilege, the Court issued the Ruling, holding that control of ECPLP's
attorney-client privilege passed to the new management of ECP Building (i.e., Israel
Abselet, as the President of ECP Building), and therefore ordering, in relevant part,
that

> All documents related to [ECP Building], or [ECPLP], whether
> protected by the attorney/client privilege or not, shall be turned
> over to [ECP Building], immediately regardless of whose
> possession they're in.  This includes documents that are in the
> possession of the judgment debtors, their representatives,
> agents, employees, and co-conspirators … It also extends to
> [LNBYB] the law firm.[22]

On May 26, 2016, this Court then issued the written Injunction, in which the
Court, among other things, (A) enjoined the Judgment Debtors, their representatives,
agents, employees, and co-conspirators (explicitly including Ms. Fathi) from
interfering with the Court's orders that (1) Plaintiff is the sole shareholder of ECP
Building and (2) ECP Building is the sole general partner of ECPLP, including but
not limited to purporting to act on behalf of ECP Building and/or ECPLP, or
exercising dominion and control over the assets (including their physical files and
electronic files, books, and records) of ECP Building and/or ECPLP; and (B) ordered
LNBYB to "immediately, and by no later than June 2, 2016, turn over to ECP

---

[20]     Dkt. 714; RfJN, Ex. 5 (Trans. of May 23, 2016 Hrg., 14:19 – 15:8).
[21]     Dkt. 721 (8:21 – 9:4); RfJN, Ex. 5 (Trans. of May 23, 2016 Hrg., 47:4 –
48:18).

[22]     RfJN, Ex. 5 (Trans. of May 23, 2016 Hrg., 46:13-20, 23); see Dkt. 728.

Building all of ECP Building's and ECPLP's physical and electronic files, books and records."[23]  Ms. Fathi has had notice by personal service on June 17, 2016.[24]  LNBYB also has had notice of the Ruling and the Injunction via various means, and in the meet-and-confer process, has not suggested that its withholding of documents (as discussed below) was due to ignorance of this Court's Orders.[25]

**E.**   **Plaintiff Serves Ms. Fathi with the Injunction, but Ms. Fathi Fails to Comply with the Injunction by Exercising Her Dominion and Control Over ECP Building's and ECPLP's Files**

On June 17, 2016, Plaintiff's counsel caused Ms. Fathi (through an attorney she authorized to accept service) to be personally served with the Injunction.[26]  On July 8, 2016, Plaintiff's counsel sent Ms. Fathi an email, notifying her that she was in violation of the Injunction, and warning her that Plaintiff may seek to have her held in contempt of court and ordered to pay fees and sanctions if she did not fully comply with the Injunction.[27]  To date, Ms. Fathi has not responded to the email.[28]

Further, to date, Plaintiff has been unable to obtain any of ECP Building's tax documents—documents over which other parties, including the Yashouafars themselves, believe Ms. Fathi has dominion and control.[29]  These files are critical to operate ECP Building and ECPLP, to sell ECPLP's real property, and to prepare ECP Building's and ECPLP's respective tax returns.[30]

---

[23]   Dkt. 736.
[24]   David Decl., ¶ 28, Ex. 24.
[25]   Id., ¶ 26.
[26]   Id., ¶ 28, Ex. 24.
[27]   Id., ¶ 29; Declaration of Diane M. Conniff ("Conniff Decl."), ¶ 3, Ex. 12.
[28]   Conniff Decl., ¶ 4.
[29]   Id, ¶ 12; David Decl., ¶¶ 11, 30, 32, Ex. 18 (08/27/2015 Deposition of Raymond Yashouafar, 39:8-16, 52:11 – 53:2, 85:2-9, 90:24 – 91:5; 91:9 – 92:6, 178:13 – 179:1); Ex. 25, Ex. 26.
[30]   Conniff Decl., ¶ 13.

**F.     LNBYB Fails to Comply with This Court's Orders, by Only Partially Turning Over its ECPLP and ECP Building Documents**

On June 1, 2016, as an accommodation to LNBYB, ECP Building extended LNBYB's time to turn over its files to ECP Building, to Monday, June 6, 2016.[31]  On the evening of June 6, 2016, LNBYB began its production.[32]  Eventually, LNBYB produced some of its files, but withheld at least two hundred documents that LNBYB listed in a two-part, ten-page privilege log.[33]  LNBYB purported to withhold such documents under the "Attorney Work Product Privilege."[34]

**G.     Plaintiff and LNBYB Unsuccessfully Meet-and-Confer about LNBYB's Incomplete Turnover**

On June 27, 2016, Plaintiff's counsel sent a letter to Ms. Young to meet and confer as to LNBYB's partial and inadequate turnover of its ECPLP client file.[35]  In that letter, Plaintiff's counsel, on behalf of ECP Building, demanded, among other things, that LNBYB turn over all withheld documents no later than June 30, 2016.[36]

On June 27, 2016, in response to Plaintiff's meet-and-confer letter, Ms. Young called Plaintiff's counsel.[37]  During the call, Ms. Young claimed that Plaintiff was not entitled to LNBYB's "work product," although she admitted that she had not even read the case law cited in Plaintiff's meet-and-confer letter that held to the contrary.[38]

On or about June 29, 2016, LNBYB's outside counsel further responded to Plaintiff's June 27, 2016 meet-and-confer letter.[39]  In that response letter, LNBYB's

---

[31]  Kim Decl., ¶ 12, Ex. 28.
[32]  Id., ¶ 13; David Decl., ¶ 22.
[33]  Kim Decl., ¶ 14, Ex. 29; David Decl., ¶ 22.
[34]  Kim Decl., ¶ 14, Ex. 29.
[35]  David Decl., ¶ 23, Ex. 22.
[36]  Id.
[37]  Id., ¶ 24.
[38]  Id.
[39]  Id., ¶ 25, Ex. 23.

MEMO OF P'S AND A'S I/S/O PLAINTIFF'S MOTION FOR ORDER RE CONTEMPT

counsel asserted that LNBYB "complied with the [Injunction], and indeed, by providing a privilege log, [LNBYB] has gone over and above the dictates of [this] Court's order."[40]  Again, however, LNBYB (now through its counsel) essentially failed to discuss, and refused to follow, the cited relevant case law.[41]

## H.   Involuntary Bankruptcies Are Filed Against Each of the Judgment Debtors

On August 3, 2016, petitioning creditors filed involuntary Chapter 11 bankruptcy petitions against the Judgment Debtors in the United States Bankruptcy Court for the Central District of California.[42]  On September 9, 2016, the Judgment Debtors each stipulated to entry of orders of relief and appointment of trustees in their respective bankruptcies.[43]

## I.   Plaintiff's Costs and Fees in Connection with This Application

In connection with this Application, Plaintiff has spent $13,800 in attorney's fees with respect to LNBYB, $3,250 in attorney's fees with respect to Ms. Fathi, and an additional $845.93 in costs.[44]

---

[40]    Id.

[41]    Id.

[42]    RfJN, Ex. 6 (Dkt. 1 in Case No. 1:16-bk-12408-MT for the United States Bankruptcy Court for the Central District of California), Ex. 7 (Dkt. 1 in Case No. 1:16-bk-12255-MT for the United States Bankruptcy Court for the Central District of California).

[43]    RfJN, Ex. 9 (Dkt. 92 in Case No. 1:16-bk-12408-MT for the United States Bankruptcy Court for the Central District of California), Ex. 10 (Dkt. 79 in Case No. 1:16-bk-12255-MT for the United States Bankruptcy Court for the Central District of California).

[44]    Conniff Decl., ¶ 14.

# III.

# ARGUMENT

**A.**  **The Judgment Debtors' Respective Personal Bankruptcies Do Not Stay This Application**

**1.**  **This Application Is Not Against the Judgment Debtors or Their Property**

Section 362 of the Bankruptcy Code stays, among other things, certain actions against the bankruptcy debtor or the property of the bankruptcy estate.[45]  This Application attempts to take no such actions, and is not against either of the Judgment Debtors or their respective property.  Instead, Plaintiff seeks to enforce his own rights, regarding his own property, as against third parties.[46]  Specifically, Plaintiff seeks to enforce ECP Building's and ECPLP's rights to their documents to effectuate Plaintiff's rights in ECP Building and ECP Building's rights in ECPLP.  None of that is against the Judgment Debtors or their property.

**2.**  **The Automatic Stay Does Not Affect This Application for Contempt for Violation of an Order Issued Before the Automatic Stay Went into Effect**

Further, the Ninth Circuit recognizes a judicially created exception to the automatic stay when the purpose of the contempt proceedings is to uphold the dignity of the Court.[47]  Such exception includes, among other things, the failure to obey a court order issued before the bankruptcy filing.[48]  Plaintiff seeks an order to show

---

[45]  11 U.S.C. § 362.

[46]  RfJN, Ex. 3 (Dkt. 73 in Case No. 2:15-cv-07625-JFW-JEM for the United States District Court for the Central District of California).

[47]  Kukui Gardens Corp. v. Holco Capital Group, Inc., 675 F. Supp. 2d 1016, 1026-27 (D. Haw. 2009).

[48]  Id. (finding that automatic stay did not prelude imposition of civil contempt sanctions based on contemnor's failure to comply with court order), citing David v. Hooker, Ltd., 560 F. 2d 412, 415 (9th Cir. 1977), US Sprint Commc'ns Co. v.

cause re contempt for violation of a court order, issued before the automatic stay.[49] Thus, the automatic stay does not apply to stay such an application.

**B.** **This Court May Issue an Order to Show Cause Re Contempt for Ms. Fathi's and LNBYB's Respective Failures to Comply with this Court's Orders**

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt."[50]  This power reaches both conduct before the Court and conduct beyond the Court's confines.[51]  Indeed, "there could be no more important duty than to render such a decree as would serve to vindicate the jurisdiction and authority of courts to enforce orders and to punish acts of disobedience."[52]  In short, this Court has the inherent authority to hold Ms. Fathi and LNBYB in contempt for their failure to comply with this Court's Orders.

**C.** **Standards for Order to Show Cause Re Contempt**

Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply.[53]  A party may be held in contempt when the party alleging civil contempt

---

Buscher, 89 B.R. 154, 155 (D. Kan. 1988) (noting that the automatic stay did not prevent the court from sentencing the debtor on a civil contempt citation after the debtor violated a preliminary injunction issued by the court); Rook v. Rook (In re Rook), 102 B.R. 490, 494–95 (Bankr. E.D. Va. 1989) (holding that the automatic stay did not apply to a second contempt order which was issued solely to uphold the dignity of the circuit court's prior orders).

[49]    RfJN, Ex. 5 (Trans. of May 23, 2016 Hrg., 46:13-20, 23); Dkts. 728, 736.
[50]    Spallone v. U.S., 493 U.S. 265, 276 (1990), quoting Shillitani v. U.S., 384 U.S. 364, 370 (1966).
[51]    Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).
[52]    Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 797 (1987), quoting Gompers v. Buck Stove & Range Co., 221 U.S. 418, 450 (1911).
[53]    In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).

demonstrates (1) that the alleged contemnor violated a court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.  Id.  Once the moving party meets its burden, the burden then shifts to the contemnor to demonstrate why it was unable to comply.[54]

**D.  Plaintiff Has Met the Elements for an Issuance of an Order to Show Cause Re Contempt as to Ms. Fathi**

    **1.  Ms. Fathi Had Notice of this Court's Injunction**

Ms. Fathi was personally served a copy of the Injunction through an attorney she authorized to accept service.[55]  Further, Plaintiff emailed here about her non-compliance with the Injunction.[56]  Ms. Fathi did not respond—even to suggest that she was unaware of the Injunction.[57]

    **2.  Ms. Fathi Violated the Injunction by Exercising Her Dominion and Control Over the Assets of ECP Building and ECPLP; She Did Not Substantially Comply with the Court's Orders; Her Violation of the Injunction Was Not Based on a Good Faith and Reasonable Interpretation of the Injunction**

The Injunction explicitly enjoined Ms. Fathi, as a co-conspirator of the Judgment Debtors, from interfering with the effectuation of the Court's orders, such as exercising dominion and control over the assets of ECP and/or ECPLP, including their physical and electronic files, books, and records.[58]

---

[54]    F.T.C. v. Affordable Media, 179 F. 3d 1228, 1239 (9th Cir. 1999).
[55]    David Decl., ¶ 28, Ex. 24.
[56]    Id., ¶ 29; Conniff Decl., ¶ 3, Ex. 12.
[57]    Conniff Decl., ¶ 4.
[58]    Dkt. 736 (1:3-19).

MEMO OF P'S AND A'S I/S/O PLAINTIFF'S MOTION FOR ORDER RE CONTEMPT

Ms. Fathi clearly continues to exercise her control and dominion over ECP Building's and ECPLP's files, in violation of the Injunction.  Significantly, the Yashouafars' counsel—and the Yashouafars themselves—turn to Ms. Fathi for the production and turnover of tax and financial documents.[59]  Of course, Ms. Fathi has a longstanding relationship with the Yashouafars.[60]

To date, Ms. Fathi has not responded to an email asking her to comply with the Injunction, nor has she turned over *any* documents to Plaintiff.[61]  Furthermore, no individual or entity has produced or turned over *any* tax documents for ECP Building, and Plaintiff still has not received, among other things, the 2011, 2012, and 2015 federal tax returns and K-1s for ECPLP, any 2011 or 2012 tax and financial books and records for ECPLP, or any 2016 financial or tax documents.[62]

In sum, Ms. Fathi is clearly in contempt of the Injunction and has not complied with it *at all*, and her failure to comply has not resulted from a good faith and reasonable interpretation of the Injunction.

**E.**   **Plaintiff Has Met the Elements for an Issuance of an Order to Show Cause Re Contempt as to LNBYB**

   **1.**   **LNBYB Had Notice of this Court's Orders**

---

[59]   David Decl., ¶¶ 11, 32, Ex. 18 (08/26/2015 Deposition of Raymond Yashouafar, 39:8-16, 52:11 – 53:2, 85:2-9, 90:24 – 91:5; 91:9 – 92:6, 178:13 – 179:1); Ex. 26.

[60]   Id., ¶¶ 10, 11, Ex. 17 (08/26/2015 Deposition of Solyman Yashouafar, 73:3 – 74:15), Ex. 18 (08/27/2015 Deposition of Raymond Yashouafar, 19:14-24, 52:24 – 53:2).

[61]   Conniff Decl., ¶¶ 4, 5.

[62]   Id., ¶ 12.

LNBYB was present at the hearing on May 23, 2016 when this Court issued the Ruling.[63]   LNBYB also received notice of the Injunction.[64]   In the meet-and-confer process, LNBYB did not suggest that its wrongful withholding of documents was due to ignorance of the scope and breadth of this Court's Orders or that, now having notice of them, it would now comply with such Orders.[65]

2. **LNBYB Violated this Court's Orders by Failing to Turn Over to ECP Building "*All* Documents" Related to ECP Building and ECPLP**

The Ruling explicitly ordered LNBYB turn over "all documents relating to ECP Building and ECPLP to ECP Building.[66]   Likewise, the Injunction explicitly ordered LNBYB to "immediately, and by no later than June 2, 2016, turn over to ECP Building all of ECP Building's and ECPLP's physical and electronic files, books and records."[67]   In issuing its Orders, this Court already expressly considered LNBYB's claims of attorney-client privilege, and nevertheless ordered the turnover of "all documents" related to ECP Building and ECPLP.[68]   Despite this Court's Orders, LNBYB still withheld (at least) two hundred documents listed in its June 2016 privilege log.[69]

LNBYB claimed that it withheld these documents from its client based on the "Attorney Work Product Privilege."[70]   Unlike the attorney-client privilege, the

---

63   Dkt. 728; Kim Decl. ¶ 7; RfJN, Ex. 5 (Trans. of May 23, 2016 Hrg., 3:7, 13-15).
64   David Decl., ¶ 26.
65   Id.
66   RfJN, Ex. 5 (Trans. of May 23, 2016 Hrg., 46:13-20, 23).
67   Dkt. 736 (1:23-26).
68   RfJN, Ex. 5 (Trans. of May 23, 2016 Hrg., 46:13-20, 23).
69   Kim Decl., ¶ 14, Ex. 29; David Decl., ¶ 22.
70   Kim Decl., ¶ 14, Ex. 29.

MEMO OF P'S AND A'S I/S/O PLAINTIFF'S MOTION FOR ORDER RE CONTEMPT

application of the work product doctrine in federal cases (including diversity cases) is determined under federal law.[71]

Under federal law, the work product doctrine only protects from discovery work product prepared "by or for another party or its representative."[72]  In contrast, LNBYB's work product that it seeks to protect was not prepared by or for another party, but for its own client, and is not sought by another party, but by its own client. Case law explicitly rejects the application of the work product doctrine to protect work product from an attorney's own client.  The seminal case on this issue is Spivey v. Zant.[73]

In Spivey, the court held that the work product doctrine did not entitle an attorney to refuse to disclose files in response to a subpoena duces tecum that the former client (a habeas corpus petitioner) served.[74]  Analyzing Federal Rule of Civil Procedure 26(b)(3)(A), the court held, in relevant part,

> Fed.R.Civ.26(b)(3) speaks of "documents and tangible things ... prepared in anticipation of litigation or for trial *by or for another party or by or for that other party's representative*...." (emphasis added). **Thus, the work product doctrine does not apply to the situation in which a client seeks access to documents or other tangible things created or amassed by his attorney during the course of the representation.**[75]

---

[71]   Frontier Refining, Inc. v. Gorman-Rupp, Inc., 136 F.3d 695, 702 n. 10 (10th Cir. 1998); United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 966 (3d Cir. 1988).
[72]   Fed. R. Civ. P. 26(b)(3)(A).
[73]   Spivey v. Zant, 683 F.2d 881 (5th Cir. 1982)
[74]   Id. at 885-86.
[75]   Id. at 885 (bold emphasis added; italics in original).  See also Roberts v. Heim, 123 F.R.D. 614, 631 (N.D. Cal. 1988) (applying Spivey and holding that, to the extent that plaintiffs were clients of a law firm on a particular matter, they were entitled to the entire case file for those matters, including "documents to which [the

Moreover, by the very language of Rule 26 setting forth the work product doctrine, the work product doctrine is a rule of <u>discovery</u>.[76]   Therefore, the work product doctrine does not apply at all to ECPLP's demand for LNBYB's client files, as such demand was not in the context of discovery (or even litigation).

LNBYB argues that under Rule 3-700(D) of the Rules of Professional Conduct, it must turn over only the "client's files," and that because it has the right to assert or waive the work product immunity, work product, even if in the client's files, are not part of the "client's files."[77]   There are a number of defects in this argument.   First, it ignores the case law cited above, which clearly holds that an attorney's right to assert the work product immunity does not override the client's right to its files.   Second, it ignores this Court's Orders, which required turnover of "**all** documents."[78]   Third, it ignores that federal law, not state law, governs.[79]   Fourth, LNBYB confuses the right

law firm] assert[ed] work-product privilege"); <u>Gottlieb v. Wiles</u>, 143 F.R.D. 241, 247 (D. Colo. 1992) (relying on both <u>Spivey</u> and <u>Roberts</u> to hold that "an attorney may not withhold work product from its own client."); <u>Martin v. Valley Nat. Bank of Arizona</u>, 140 F.R.D. 291, 320-21 (S.D.N.Y. 1991) (stating that "on its face, then, [Fed. R. Civ. Pro. 26(b)(3)] does not give an attorney the right to withhold work product from his own client, and in fact has been specifically read as not requiring such a result," and thus rejecting a law firm's attempt to invoke the work product doctrine to prevent disclosure of requested documents to its former client).   This rule has also been adopted by the Restatement (Third) of Law Governing Lawyers § 46(2) (2000), which provides: "On request, a lawyer must allow a client or former client to inspect and copy any document possessed by the lawyer relating to the representation, unless substantial grounds exist to refuse."

[76]   Fed. R. Civ. P. 26(b)(3) (…a party may not <u>discover</u> documents and tangible things…).

[77]   David Decl., ¶ 25, Ex. 23.

[78]   RfJN, Ex. 5 (Trans. of May 23, 2016 Hrg., 46:13-20, 23); Dkt. 736.

[79]   <u>Frontier Refining, Inc. v. Gorman-Rupp, Inc.</u>, 136 F.3d at 702 n. 10; <u>United Coal Cos. v. Powell Constr. Co.</u>, 839 F.2d at 966.   California law also provides that the client's right to its files overrides the attorney's right to assert the work product immunity.   <u>Kallen v. Delug</u>, 157 Cal. App. 3d 940, 950 (1984) ("Rule 2–111(A)(2) [now Rule 3-700] of the California Rules of Professional Conduct provides: 'In any event, a member of the State Bar shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client,

to object to another party's request for production (that is, the rights vis-à-vis a third party) and a client's right to its files (that is, the rights of a client and its attorney).

Hence, in withholding (at least) two hundred documents, LNBYB has violated this Court's Orders.

### 3.   LNBYB Did Not Substantially Comply with the Injunction

A potential contemnor may assert the defense of "substantial compliance," but only if it has made every reasonable effort to comply with the Court's order.[80]   To assess whether an alleged contemnor has taken "every reasonable step" to comply with the terms of a court order, the court may consider a variety of factors.[81]

In Federal Trade Com'n v. Productive Marketing, Inc., the plaintiff moved for an order finding a nonparty in contempt for failure to comply with the court's preliminary injunction.[82]   The injunction ordered, among other things, certain nonparties to cooperate with the plaintiff's reasonable requests for the production of records related to the defendants' assets.[83]   Pursuant to the injunction, the plaintiff sought from the nonparty an accounting of any payments by the defendants to the nonparty.[84]   The nonparty delayed in complying, but eventually produced to the plaintiff an incomplete accounting that it claimed was a result of "considerable effort" involving "hundreds of man-hours."[85]   The plaintiff claimed that nonetheless, the

---

including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules." … **It is a breach of the duty imposed by rule 2–111(A)(2) to retain a client's case files after discharge** (citations omitted)**, in that an attorney's work product belongs absolutely to the client whether or not the attorney has been paid for his services or to fail to forward the client's files to a successor attorney**" [emphasis added].)

[80]   In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d at 695.
[81]   Frankl v. HTH Corp., 832 F. Supp. 2d 1179, 1186-87 (D. Haw. 2011.
[82]   Federal Trade Com'n v. Productive Marketing, Inc., 136 F. Supp. 2d 1096, 1100 (C.D. Cal. 2001).
[83]   Id. at 1100-1101.
[84]   Id. at 1101.
[85]   Id. at 1110.

accounting was inadequate, because it failed to document certain transactions for which the plaintiff had previously asked.[86]  The court agreed with the plaintiff, noting that, in light of the plaintiff's letter calling the nonparty's attention to the specific transactions, such failure was not a "harmless technical violation," but a gross omission.[87]  The court therefore held that the nonparty violated the court's order by failing to comply with the plaintiff's request, and so contempt sanctions were warranted.[88]

Since March 31, 2016, ECP Building has been demanding that LNBYB turn over ECP Building's and ECPLP's client files.[89]  LNBYB resisted such demands, and made its former clients jump through hoop after hoop.[90]  After having fully briefed and argued its position before this Court, LNBYB received actual notice of this Court's Orders to turn over "all documents" relating to ECP Building and ECPLP to ECP Building.[91]  Nonetheless, LNBYB failed to do so, instead opting to withhold at least two hundred documents from its own client under a doctrine that does not apply and does not support the withholding of documents.[92]  Even after Plaintiff's counsel specifically demanded the withheld documents and directed LNBYB to the controlling federal authority, LNBYB refused to turn over the documents.[93]

Hence, LNBYB's partial compliance was not "substantial compliance" with this Court's Orders.

---

[86]   Id.
[87]   Id.
[88]   Id. at 1110-11.
[89]   David Decl., ¶ 14, Ex. 20.
[90]   Id., ¶¶ 15-18.
[91]   Kim Decl., ¶ 7; David Decl., ¶ 26.
[92]   Kim Decl., ¶ 14, Ex. 29; David Decl., ¶ 22.
[93]   David Decl., ¶¶ 23-25, Exs. 22, 23.

### 4.     LNBYB's Failure to Comply with the Injunction was Not Based on a Good Faith and Reasonable Interpretation of the Injunction

A party may be held in contempt even its conduct is not willful, and there is no good faith exception to the requirement of obedience to a court order, although a party should not be held in contempt if its action appears to be based on a good faith and reasonable interpretation of the court's order.[94]  (Even then, of course, the Court may issue a more specific order, effectuating its intent in issuing the original order.[95])  Here, LNBYB's initial refusal to turn over any files, and its current continuing to refusal to turn over in excess of 200 documents under a claim of work product are not made in good faith.

As discussed above, case law explicitly rejects LNBYB's application of the work product doctrine to a demand from its own client for its client files.[96]  Plaintiff's counsel explicitly made LNBYB aware of such case law in its meet-and-confer letter.[97]  Although LNBYB twice responded to that letter, it failed in both instances to address the controlling law cited in the letter.[98]  In light of such actual knowledge of the applicable case law, LNBYB cannot claim that its failure to comply with this

---

[94]     In re Dual-Deck, 10 F.3d at 695.
[95]     See e.g., In re Deepwater Horizon, 793 F. 2d 479, 491 (5th Cir. 2015).
[96]     Spivey, 683 F.2d at 885; Roberts, 123 F.R.D. at 631; Gottlieb, 143 F.R.D. at 247; Martin, 140 F.R.D. at 320-21.
[97]     David Decl., ¶ 23, Ex. 22.
[98]     In LNBYB's first response (via a telephone call from Ms. Young to Plaintiff's counsel on June 27, 2016), Ms. Young acknowledged that she had not even bothered to read the case law cited in Plaintiff's meet-and-confer letter.  David Decl., ¶ 24.  In LNBYB's second response to the meet-and-confer letter (via a letter from its outside counsel), LNBYB summarily rejected the demands in the letter without qualitatively addressing the applicable federal law, and instead claimed protection under California law (which, as addressed above, does not apply, and in any event, also provides that an attorney may not invoke the work product immunity to withhold documents for its own counsel).  Id., ¶ 25, Ex. 23; see fn. 79, supra.

Court's Orders was based on a good faith and reasonable interpretation of this Court's Orders.[99]

Indeed, LNBYB has demonstrated in a related matter its allegiance to the Yashouafars, over and above its actual clients.  Pursuant to irrevocable instructions that were part of a 2012 settlement agreement between Plaintiff and Massoud Aaron Yashouafar and Solyman Yashouafar (together, the "Judgment Debtors"), LNBYB, as escrow holder for its client Roosevelt Lofts, LLC ("RLL"), should have directly disbursed to Plaintiff certain sums in RLL's bankruptcy reserve accounts.[100]  Indeed, LNBYB told Plaintiff that money was forthcoming shortly.[101]  Yet, apparently at the direction of the Yashouafars, LNBYB did not distribute moneys to Plaintiff, and instead, diverted some of the funds to the benefit of the Judgment Debtors.[102]  Such inappropriate allegiance to the Judgment Debtors explains LNBYB's intentional and knowing violation of its duties to its former client ECPLP and its sole general partner, ECP Building.[103]

---

[99]    See also Institute of Cetacean Research v. Sea Shepherd Conservation Society, 774 F.3d 935, 953-54 (9th Cir. 2014) (holding that the "narrow" good faith interpretation exception did not apply, because by construing their obligations narrowly under an injunction, defendants assumed the risk that their attempts at technical compliance would prove wanting, especially in light of the fact that defendants had every opportunity to but did not seek clarification of their obligations, and could have also simply petitioned for a modification, clarification, or construction of the order).

[100]    David Decl., ¶ 5, Ex. 14.

[101]    Id., ¶¶ 6, 7, Ex. 15.

[102]    Id., ¶ 8.

[103]    Plaintiff has filed suit against LNBYB, among others, for fraudulent transfers and other causes of action, in the United States District Court for the Central District of California, Case No. 2:16-cv-06263.  In that action, Plaintiff filed a Notice of Related Cases, citing this Action as a related case.  RfJN, Ex. 8 (Dkt. 4 in Case No. 2:16-cv-06263 for the United States District Court for the Central District of California).

MEMO OF P'S AND A'S I/S/O PLAINTIFF'S MOTION FOR ORDER RE CONTEMPT

1    In sum, LNBYB is clearly in contempt of this Court's Orders.

2  **F.    Sanctions Are Appropriate to Coerce Ms. Fathi's and LNBYB's**

3        **Respective Compliance and to Compensate Plaintiff for His Injuries from**

4        **Ms. Fathi's and LNBYB's Respective Contempt**

5    Sanctions for civil contempt may be imposed to coerce obedience to a court

6  order, or to compensate the party pursuing the contempt action for injuries resulting

7  from the contemptuous behavior, or both.[104]  Further, the cost of bringing the

8  violation of an injunction to the attention of the court in a civil contempt proceeding

9  is part of the damages suffered by the prevailing party.[105]

10   Ms. Fathi has violated this Court's Orders by exercising dominion and control

11  over the property of ECP Building, including ECP Building's and ECPLP's tax

12  documents that ECP Building has tried but failed to acquire from any other source.

13  Similarly, in its responses to the meet-and confer letter, LNBYB expressly refused to

14  turn over certain documents to ECP Building, in violation of this Court's Orders.

15  Such violations of this Court's Orders have injured Plaintiff, who has been impeded

16  in his efforts to operate ECP Building and ECPLP and proceed with ECPLP's

17  ongoing bankruptcy.  Thus, this Court should impose sanctions (1) sufficiently

18  coercive to compel Ms. Fathi's and LNBYB's respective compliance with this

19  Court's Orders, and (2) sufficiently remedial to compensate Plaintiff for his injuries,

20  including but not limited to attorney's fees in the amount of $17,050 ($13,800 with

21  respect to LNBYB, and $3,250 with respect to Ms. Fathi) and costs in the amount of

22  $845.93.

---

25  [104]   Local 28 of Sheet Metal Workers' Intern. Ass'n v. E.E.O.C., 478 U.S. 421, 443
26  (1986).
27  [105]   Institute of Cetacean Research, 774 F.3d at 958-59 (holding that plaintiffs were
28  entitled to recover attorney's fees and costs in bringing and prosecuting civil
     contempt proceedings.

**G.     The Court Should Order Ms. Fathi and LNBYB to Comply with the
Court's Orders by Turning Over All of ECP Building's and ECPLP's
Documents, Including but Not Limited to Any Withheld Alleged Work
Product**

As a remedy for violation for non-compliance with the Court's Orders, the
Court may, and respectfully should, make it crystal clear to Ms. Fathi and LNBYB
(and any others out there withholding documents) that when this Court enjoined
parties from interfering with the operation of ECP Building and ECPLP, it meant that
they must turn over ECP Building's and ECPLP's property (including files and other
documents) to ECP Building; and when it ordered the turnover of "all" documents, it
meant "all documents," including but not limited to ones allegedly subject to the
work product immunity.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court

(A)     Hold Ms. Fathi and LNBYB in contempt for their violations of this
Court's Orders; and

(B)     Order that Ms. Fathi and LNBYB each turn over to ECP Building all of
their respective files relating to ECP Building and ECPLP, specifically
including ECP Building's tax documents and the documents that
LNBYB has withheld as "work product;" and

(C)     Sanction each of Ms. Fathi and LNBYB for damages incurred by
Plaintiff, including but not limited to attorney's fees in the amount of
$17,050 ($13,800 with respect to LNBYB, and $3,250 with respect to
Ms. Fathi) and costs in the amount of $845.93.

1   DATED:  October 21, 2016          THE DAVID FIRM®

2

3                                      By:  _____ */s/ Henry S. David*_____

4                                           Henry S. David
                                            Attorneys for Plaintiff and Judgment
5                                           Creditor HOWARD L. ABSELET

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO OF P'S AND A'S I/S/O PLAINTIFF'S MOTION FOR ORDER RE CONTEMPT