Gregory S. Markow (SBN 216748)
**CGS3, LLP**
12750 High Bluff Drive, Suite 250
San Diego, California 92130
Telephone: (858) 367-7676
Facsimile: (858) 345-1991
E-mail: gmarkow@cgs3.com

Attorneys for Receiver
William J. Hoffman

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HOWARD L. ABSELET,<br><br>              Plaintiff,<br>    vs.<br><br>ALLIANCE LENDING GROUP, INC.,<br>a California corporation; et al.,<br><br>              Defendants. | Case No. 2:11-CV-00815 JFW (JEMx)<br>[Related Cases:  2:15-CV-7625 JFW (JEMx); 2:15-CV-8570 JFW (JEMx)]<br><br>**MOTION FOR AN ORDER APPROVING RECEIVER'S FINAL ACCOUNTING AND REPORT**<br><br>Courtroom: 7A of the Hon. John F. Walter<br>350 W. 1st Street<br>Los Angeles, CA 90012<br>Hearing: June 11, 2018<br>1:30 p.m. |

By this motion, William J. Hoffman (the "Receiver") seeks this Court's entry of the attached Proposed Order Approving Receiver's Final Accounting and Report, which such order, if entered by this Court, shall approve the Receiver's acts and transactions in the above-captioned action in accordance with those authorities granted to the Receiver by this Court.

Dated: May 8, 2018          CGS3, LLP

By: _____
Gregory S. Markow
Attorneys for Receiver
William J. Hoffman

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        FACTUAL BACKGROUND

**A.  Pursuant to the Appointment Order, the Receiver Takes Possession of and Manages the Receivership Property.**

On December 30, 2015, the United States District Court for the Central District of California, Western Division (the "Court") entered that certain Order Appointing Receiver (the "Appointment Order") appointing William J. Hoffman (the "Receiver"), as receiver over the specific assets of Alliance Lending Group, Inc., a California corporation, *et al.* (the "Receivership Estate").  The Receivership Estate includes that certain real property addressed at 16661 Ventura Boulevard, Encino, California 91436 ("Property").  Declaration of William J. Hoffman filed herewith ("Hoffman Declaration"), ¶ 2.

Once appointed, the Receiver completed an intensive examination of the Property and an initial takeover report to relay its preliminary findings to the Court and parties of record in the above-captioned action.  Thereafter, for the remaining term of the receivership, the Receiver completed a periodic property performance overview to detail the happenings at the Property.  Hoffman Declaration, ¶ 3.

**B.  Pursuant to the Appointment Order, the Receiver Maintains the Receivership Property.**

During the receivership, the Receiver (i) opened bank accounts under the control of the Receiver; (ii) arranged for provisions of utility services for the Property; (iii) assessed and corrected all existing and potential safety hazard at the Property; (iv) ensured the Property possessed and maintained proper insurance coverage; (v) ensured the Property complied with demands of local and/or state regulatory taxing authorities; and (vi) retained a sales broker to help market the Property for sale.  Hoffman Declaration, ¶ 4.  The Receiver utilized employees of his affiliated entities to manage the Receivership Estate. Hoffman Declaration, ¶ 5.  A more-detailed, final property performance overview is attached to the Hoffman

MOTION FOR AN ORDER APPROVING RECEIVER'S FINAL ACCOUNTING AND REPORT
4826-6969-6582.4

Declaration as Exhibit A.  All of these actions were done as expressly provided in the Appointment Order.

**C.   This Court Authorized the Sale of the Property by the Receiver.**

This Court authorized the Receiver to sell the Property pursuant to that certain Revised Order Approving Sale of Receivership Property and Related Relief (the "Sale Order").  The Receiver closed the sale of the Property pursuant to the Sale Order and transferred possession of the Property to the buyer thereof ("Buyer"), all pursuant to the terms and conditions of the purchase and sale agreement approved by the Court and the Sale Order. Hoffman Declaration, ¶ 6.

In connection with the sale of the Property, the Receiver, the Buyer and two existing lienholders of liens recorded against the Property (the "Lienholders") entered into that certain Holdback Agreement dated November 2016 (the "Holdback Agreement").   In addition, the Receiver and Buyer entered into that certain Additional Agreement Among Certain Parties to Escrow Holdback Agreement dated November 2016 (the "Additional Holdback Agreement" and together with the Holdback Agreement, the "Holdback Agreements").  The purpose of the Holdback Agreements was to reserve $399,559.77 of the sales proceeds from the Property (the "Holdback Funds") in an escrow account maintained by First American Title Company ("FATCO") to pay for the Buyer's defense costs in any judicial proceedings against the Buyer arising from any appeal of the Sale Order by the Defendants. Hoffman Declaration, ¶ 7.

Despite the Sale Order appeal not having been prosecuted by the Defendants, the Buyer did not permit FATCO to release the Holdback Funds to the Receiver and the Lienholders as provided in the Holdback Agreements.  The Receiver worked for several months to try to resolve the matter among the parties to the Holdback Agreements.  Finally, on July 14, 2017, the Buyer, the Receiver and the Lienholders all agreed that the Holdback Funds should be released by FATCO as provided in the Holdback Agreements, and FATCO promptly released such funds.  Thereafter, on

1  July 24, 2017, this Court ordered that the Holdback Funds held by the Receiver plus

2  additional funds in the total amount of $500,000.00 be released to Encino Corporate

3  Plaza, L.P. ("ECPLP").  ECPLP did not provide the Receiver wiring instructions until

4  August 14, 2017.  The Receiver then wired such funds to ECPLP on August 17, 2017.

5  Hoffman Declaration, ¶ 8.

6  **D.  Delays to Filing of this Motion Were Outside of the Receiver's Control.**

7          Since the sale of the Property, the Receiver has been waiting to file this Motion

8  for several reasons, all of which were out of the Receiver's reasonable control.  First,

9  and as noted above, the Receiver was waiting for the Holdback Funds to be released

10  to the Receiver and the Lienholders pursuant to the terms of the Holdback

11  Agreements.  From the closing of the sale of the Property until the Holdback Funds

12  were eventually released, the Receiver repeatedly tried to broker an agreement

13  between the Buyer and the Lienholders as to the release of the Holdback Funds,

14  including making multiple demands on the Buyer to authorize FATCO to the release

15  of the Holdback Funds per the Holdback Agreements.   As noted above, that

16  agreement was finally reached in July 2017. Hoffman Declaration, ¶ 9.

17          Second, the Receiver did not bring this Motion earlier because there was a

18  dispute between the Plaintiff and FATCO, where the Plaintiff claimed that the

19  Holdback Funds should have been held in an interest-bearing account per the terms

20  of the Holdback Agreements.   Although the Holdback Agreements require the

21  Holdback Funds to be placed in an interest-bearing account, to the best of the

22  Receiver's knowledge the Holdback Funds were not placed in an interest-bearing

23  account by FATCO.  Because interest on the Holdback Funds would have relatively

24  *de minimus* (less than approximately $4,000.00), the Receiver repeatedly asked the

25  Plaintiff it would waive such claim (as the cost to file the claim would have likely

26  outweighed the recovery) so this Motion could be filed without objection.  To the

27  best of the Receiver's knowledge, (i) the Plaintiff has not waived such claims against

28  FATCO, and FATCO and (ii) the Plaintiff have not settled such matter.  Hoffman

Declaration, ¶ 10.

If the Plaintiff claims that FATCO should have placed the Holdback Funds in an interest-bearing account from the closing date of the sale of the Property of December 1, 2016 until the release of the Holdback Funds on July 24, 2017, then the Receiver does not object that the Holdback Agreements required FATCO to place such Holdback Funds in an interest-bearing account.   If the Court deems appropriate, it should order FATCO to deliver to the Plaintiff and the Lienholders, pro rata, the interest that would have accrued on the Holdback Funds during such period in an amount to be determined by the Court.

The third reason the Receiver has waited to file this Motion is that Colonial Security ("Colonial") has failed to submit a final invoice for its services to the Receiver despite repeated requests by the Receiver that Colonial submit a final invoice for work performed in 2016.  The Receiver contacted Colonial about this matter as recently as January 31, 2018, and Colonial has failed to respond.  A copy of this Motion has been served on Colonial.  Hoffman Declaration, ¶ 11.  The Receiver respectfully request that this Court bar Colonial from bringing any claim against the Receiver, the Plaintiff or any other party related to this action unless Colonial submits information to this Court about what amounts are owed to Colonial during the objection period to this Motion.

With the exception of the amount that may be owed to Colonial and the potential claims against FATCO for the unpaid interest, all other matters related to this receivership have been resolved.  To avoid any further delay by reason of Colonial's failure to provide invoices to the Receiver and any purported claims against FATCO, the Receiver brings this Motion.  Pursuant to the Appointment Order, the Receiver prepared this Final Accounting and Report and is prepared to complete its duties upon this Court's entry of the attached proposed Order.

//

//

## II.   FINANCIAL SUMMARY

**A. The Receiver Submits this Final Accounting in Accordance with This Court Orders.**

As directed by the Appointment Order, the Receiver utilized funds generated from operations to fund operating costs and the administration of the Receivership Estate.  The Receiver prepared an estimate of the anticipated closing costs to wind up the Receivership Estate.   The estimated closing costs includes all known outstanding accounts payable owed from the Receivership Estate, along with the estimated accrued expense for service invoices that are due but remain outstanding as of February 28, 2018.  Hoffman Declaration, ¶ 12.

The Receiver estimates the final cash statement will be as follows:

| | |
|---|---|
| **Operating Cash** | **$7,433.0.** |
| **Receiver Cash** | **$130,512.38** |
| **Total Outstanding A/P** | **($891.25)** |
| **Accrued Expenses** | **($29,143.12)** |
| **Funds to be Returned** | **$107,911.04** |

A detailed breakdown of the estimated anticipated closing costs is attached as Exhibit B to the Hoffman Declaration.  *Id.*  Of the funds currently in the Receivership Estate's bank account, the Receiver estimates $107,911.04 will be available to remit to the Plaintiff once final bills of the Receivership Estate are paid.   Hoffman Declaration, ¶ 13.

In addition, monthly financial reports for each month since the closing of the sale of the Property through February 2018 are attached hereto as Exhibit C.  These financial reports have not been previously submitted to this Court because there were no operations at the Property since the sale in December 2016, and the Receiver was simply waiting for the appeal process on the sale and the issues described in Section I(D) above to run their course before filing this Motion; therefore, there was nothing of significance to report to the Court or the parties to this action.   The

4826-6969-6582.4

Receiver is very judicious with regards to expending funds of the Receivership Estate, so the Receiver believed it was in the best interest of the Receivership Estate to not file monthly reports if there was nothing of significance to report to the Court or the parties.  The Receiver, nonetheless, made himself and his team available to the parties if they had any questions about the Receivership Estate.    Hoffman Declaration, ¶ 14.

**B. Pursuant to the Appointment Order, the Receiver is Entitled to Compensation For Its Services.**

Attached as Exhibit C to the Hoffman Declaration is a summary of the fees paid to the Receiver.  The fees are for expenses reasonably incurred in connection with the performance of the Receiver's duties in administering the Receivership Estate and the managing the Property.  All unpaid fees owed to the Receiver will be paid upon approval of this Final Accounting and Report.  Hoffman Declaration, ¶ 15.

**C. Receiver Seeks to Be Discharge and to Have the Bond Exonerated.**

The Receiver seeks an order (i) exonerating the Receiver's bond posted in this action, (ii) discharging the Receiver of all of his obligations under the Appointment Order and the Sale Order, as well as any other duties or obligations incident to his appointment or service as Receiver in this case, (iii) approving all professional fees and expenses paid out of the assets of the Receiver Estate, (iv) relieving the Receiver of any administrative duties relative to the Receivership Estate, (v) releasing the Receiver and any employee, property management company, broker, attorney, agent or representative employed or engaged by the Receiver or its affiliated companies from any and all liabilities, known or unknown, relative to the Receivership Estate, and (vi) barring Colonial from making any claims against the Receiver and/or the Receivership Estate.   The Receiver has given notice of this Motion to all parties in interest.  Hoffman Declaration, ¶ 16.

//

MOTION FOR AN ORDER APPROVING RECEIVER'S FINAL ACCOUNTING AND REPORT
4826-6969-6582.4

# III.   CONCLUSION

The Receiver respectfully requests that the Court enter the enclosed Order Approving Receiver's Final Accounting and Report authorizing the Receiver to compensate itself for the acts outlined in this Motion and discharging the Receiver of all further obligations in this action.


Dated: May 8, 2018                                    CGS3, LLP


                                                      GREGORY S. MARKOW
                                                      Attorneys for Receiver
                                                      William J. Hoffman

MOTION FOR AN ORDER APPROVING RECEIVER'S FINAL ACCOUNTING AND REPORT
4826-6969-6582.4